THE STATE OF OHIO, APPELLEE, *v.*
DUDOCK, APPELLANT.

(No. 10874—Decided March 23, 1983.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellee.

*Mr. Jerry Montgomery,* for appellant.

GEORGE, J. On April 2, 1982, the appellant, Michael Dudock, blacked out while driving his car. The car ran off the road, striking two children. One child was killed, the other was seriously injured. A breathalyzer test administered after the accident confirmed that Dudock was under the influence of alcohol at the time of the accident. Dudock was convicted of aggravated vehicular homicide and driving while under the influence of alcohol. This court affirms the convictions.

### Assignment of Error

"The trial court has committed error in finding the defendant guilty of aggravated vehicular homicide under Ohio Revised Code Section 2903.06, under the evidence in this case."

The offense of aggravated vehicular homicide is set forth in R.C. 2903.06, and provides, in pertinent part:

"(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause the death of another."

To sustain a conviction, the state must prove beyond a reasonable doubt that: (1) the defendant operated the vehicle, (2) the defendant was criminally reckless in operating the vehicle, and (3) a death was proximately caused by the defendant's recklessness.

The appellant focuses on the second element of the offense, claiming that the evidence was not sufficient to establish recklessness. His argument is that his conduct of driving while under the influence of alcohol could not constitute recklessness but merely negligence. "Recklessness" is defined in R.C. 2901.22(C) as follows:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Witnesses to the accident stated that Dudock's car suddenly veered off the road without warning. The car crossed over a public sidewalk, ran over two little boys and their wagon, crashed through a fence, and came to a rest upon striking a tree. An inspection of the street and the tire tracks in the grass indicated that Dudock never attempted to apply his brakes. Dudock had spent the morning and much of the afternoon drinking. The breathalyzer test administered after the accident showed a blood alcohol content of .22 percent. Expert testimony indicated that this reading meant that the defendant had consumed eight or nine shots of whiskey within one hour. This evidence is

sufficient to uphold the trial court's finding that Dudock blacked out while driving his car, and that his blackout was the result of his intoxication.

The facts of this case are similar to those in *State v. Hlad* (July 12, 1982), Guernsey App. No. 675, unreported. In that case, the sole evidence bearing on the defendant's reckless conduct was that he was intoxicated while driving. As a result of his intoxication, he apparently blacked out, lost control of his car, and caused an accident in which one person died. He was convicted of aggravated vehicular homicide.

The Guernsey County Court of Appeals upheld the conviction saying:

"* * * In our view, there is ample evidence in this record to justify the conclusion that the accused knew how drunk he was when he consciously elected to drive, and, assuming that he blacked-out in fact when he crossed the center line, the evidence is sufficient to establish beyond a reasonable doubt that when he got behind the wheel he did so with a heedless indifference to the consequences and perversely disregarded a known risk that his conduct was likely to cause the very thing which happened in this case." *State v. Hlad, supra,* at 7.

In the instant case the evidence clearly established that Dudock blacked out while driving as a result of his intoxication. Also, his experience and conduct established his awareness of the risks involved in driving while intoxicated. Since Dudock recklessly drove the car, and since his recklessness caused the death of another, this court finds sufficient evidence was adduced to convince the trial court beyond a reasonable doubt that Dudock was guilty of aggravated vehicular homicide.

Accordingly, this court overrules Dudock's assignment of error and affirms the conviction.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.