THE STATE OF OHIO, APPELLEE, *v.* STINSON, APPELLANT.

(No. 11465—Decided July 5, 1984.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*Richard Sternberg,* for appellant.

GEORGE, J. On June 3, 1983, the appellant, Jeffrey H. Stinson, was involved in a car accident which resulted in the death of his ten-month-old nephew. Appellant was injured in the accident. He was taken to a hospital for treatment. The doctor on duty in the emergency room requested a blood test. The test revealed a blood-alcohol concentration of .22 percent. A jury found appellant guilty of aggravated vehicular homicide. This court affirms the judgment.

### Assignment of Error 1

"The trial court erred to the prejudice of the defendant by overruling defendant's motion to suppress and otherwise prevent[ing] the state from using as evidence the results of a chemical test of defendant's blood in view of the state's concession that such chemical test [which] was performed on defendant's blood had not been taken in conformance with Section 4511.191 of the Ohio Revised Code."

Appellant contends the court erroneously admitted his blood test results into evidence. He first argues that since the test was not obtained in accordance with the requirements of R.C. 4511.191, it is not competent evidence in a prosecution for aggravated vehicular homicide. R.C. 2903.06. Appellant relies on the language of R.C. 2903.06, which provides in relevant part:

"When the trier of fact determines whether the offender was under the influence of alcohol or any drug of abuse, or the combined influence of alcohol or any drug of abuse, the concentration of alcohol in the offender's blood, breath, or urine as shown by a chemical test taken pursuant to section 4511.191 [4511.19.1] of the Revised Code *may be considered* as competent evidence and the offender shall be presumed to have been under the influence of alcohol if there was at the time the bodily substance was withdrawn for the chemical test a concentration of ten-hundredths of one percent or more by weight of alcohol in the offender's blood, ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, or fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine." (Emphasis added.)

This provision is discretionary and does not preclude the admissibility of a blood test which is not taken in accordance with the requirements of R.C. 4511.191. Further, it permits the finder of fact to presume the person was under the influence of alcohol if the blood test, taken pursuant to R.C. 4511.191, yielded a blood-alcohol concentration of .10 percent or more. A blood test that does not comply with R.C. 4511.191 may still be admitted into evidence so long as a proper foundation for its admission is established. *State* v. *Dress* (1982), 10 Ohio App. 3d 258; and *State* v. *Hernandez* (1978), 62 Ohio App. 2d 63 [15 O.O.3d 79].

Here, expert testimony established that the testing procedures were reliable, and that the blood test was performed by qualified persons. Thus, a proper foundation was established for the admission of the blood test.

Appellant next argues that the blood test was inadmissible due to the physician-patient privilege under R.C. 2317.02(B). Appellant failed to assert this privilege at trial. Therefore, it is not properly before this court for review. *State* v. *Springer* (1956), 165 Ohio St. 182, 183 [59 O.O. 241]; and *Ruch* v. *State* (1924), 111 Ohio St. 580, paragraph four of the syllabus. Accordingly, this assignment of error is overruled.

### Assignment of Error 2

"The trial court erred to the prejudice of the defendant by overruling

defendant's motion for acquittal at the close of all of the evidence."

An essential element of the crime of aggravated vehicular homicide, R.C. 2903.06(A), is reckless conduct. This is defined under R.C. 2901.22(C) as follows:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The record reveals that on the afternoon of June 3, 1983, appellant used his mother's car to drive to a friend's house. In this car was a cement block which was wedged between the front and back seats of the car to prevent the front seat from sliding backwards. Appellant drank some beer while he was at his friend's house.

At about 4:35 p.m., appellant drove to the Candy Cane day care center to pick up his sister's three children, ages four years, three years, and ten months. The children were not wearing child restraints or seat belts as he drove them home.

Appellant was traveling north on Cuyahoga Street. The road was wet from a light rain. Witnesses testified that appellant was traveling at a high rate of speed, approximately fifty to sixty m.p.h. As he was rounding a curve, Stinson's car crossed the center line of the street and slid sideways into an oncoming car. The two older children were thrown from the car. The ten-month-old child, who was in the back seat, hit his head on the cement block. He died as a result of this blow.

There was testimony from a witness at the scene of the accident that appellant had alcohol on his breath. The blood test taken after he was transported to the hospital revealed a blood-alcohol concentration of .22 percent.

Appellant asserts that the evidence of driving while under the influence of alcohol is not sufficient to establish reckless conduct. However, this court has previously held that this evidence is sufficient to support a finding of recklessness. *State* v. *Dudock* (1983), 6 Ohio App. 3d 64. Also, in *State* v. *Gates* (1983), 10 Ohio App. 3d 265, the court reached a similar conclusion in affirming Gates' conviction for aggravated vehicular homicide. There, the court held that evidence that Gates operated a car after consuming alcoholic beverages and smoking marijuana supported a finding of recklessness.

Here, appellant was driving under the influence of alcohol; he was aware of the effects of alcohol on his driving ability; the streets were wet; he was traveling at a high rate of speed; the car he was driving was in need of repair; and there were three young children in the car with him. This constitutes substantial evidence to support his conviction of aggravated vehicular homicide. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. Accordingly, this assignment of error is overruled.

### Assignment of Error 3

"The trial court erred to the prejudice of the defendant during the course of the trial and specifically in failing to sustain defendant's motions for mistrial, defendant's objections and the court's ruling assigned by defendant as error:

"(1) Improper argument of the state during closing statements.

"(2) Improper interruptions by the state during defendant's closing statement.

"(3) Improper conduct of the state during cross-examination of the defendant and defendant's witnesses.

"(4) Improper conduct of the state in presenting the prejudicial testimony

of Coroner Cox, in which the coroner was permitted to use color slides of a 10-month-old baby's autopsy to supplement his already descriptive dissertation of same, and to pontificate on the subject of drinking and driving."

Appellant first argues that the prosecutor's conduct was improper by interrupting defendant's attorney with objections during closing argument, and by misstating the law. The record reveals that there was a valid basis for each of the objections. Further, the prosecutor stated the law correctly. Thus, this argument is without merit.

Appellant next argues that the state improperly cross-examined appellant and his witnesses by using prior convictions to impeach their testimony. This impeachment was proper under Evid. R. 609 as the convictions involved crimes of dishonesty.

Finally, appellant argues that the testimony of the coroner was improper. Appellant first contends that the color slides of his nephew's autopsy were inflammatory and prejudicial. Autopsy slides are admissible if their probative value outweighs any prejudice. *State* v. *Christian* (Dec. 7, 1983), Summit App. No. 11111, unreported. Here, the slides revealed the child died as a result of a severe blow to the head. The coroner testified that the force of the blow indicated that one or both cars involved in the collision were traveling at a high rate of speed. This evidence was probative in determining whether appellant was speeding at the time of the accident.

Appellant next complains of the coroner's testimony concerning the effects of alcohol on one's driving ability. The coroner's training and experience qualify him as an expert on this subject, and the effect that alcohol has on one's driving ability is relevant in determining recklessness. Thus, this testimony was proper. Accordingly, this assignment of error is overruled.

## Assignment of Error 4

"The trial court erred to the prejudice of the defendant in failing to properly instruct the jury on the law, and specifically failing to instruct the jury as requested by the defendant on the issue of unavoidable accident and excuse from culpability."

The record reveals that the trial court gave a satisfactory instruction concerning an unavoidable accident. Accordingly, this assignment of error is overruled.

## Assignment of Error 5

"The trial court erred by denying defendant a fair trial guaranteed by the Ohio and Federal Constitutions, to wit: Article I, Sections 1, 5, 9 and 10 of the Ohio Constitution, and was denied due process guaranteed by the Fourteenth Amendment to the United States Constitution.

"A. Such error included the court's multiple rulings adverse to the defendant made during the course of the trial which as a whole constituted an abuse of discretion of the trial court;

"B. Such error included failing to recognize that the use of the chemical test referred to in Ohio Revised Code Section 4511.191 was legislatively proscribed, and consequently limited the state's use of such evidence in a criminal trial because it would infringe upon the right of every citizen injured in an automobile accident to seek treatment from medical authorities without the coercive effect of having results of diagnostic tests introduced in a criminal trial."

Appellant argues that he was not afforded a fair trial. He refers specifically to the admission of the blood test and the testimony concerning the effects of intoxication. As previously stated, this evidence was properly admitted by the trial court. Further, this court has

reviewed the record and finds that appellant was afforded a fair trial.

Accordingly, this assignment of error is overruled and the judgment of conviction is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.