THE STATE OF OHIO, APPELLEE, *v.*
RUNNELS, APPELLANT ■

(No. 55128—Decided
January 23, 1989.)

*John T. Corrigan,* prosecuting attorney, and *George Sadd,* for appellee.
*Davies, Rosplock, Coulson, Perez & Deeb* and *Richard J. Perez,* for appellant.

JOHN V. CORRIGAN, J. An indictment was returned against the defendant-appellant Pennie Runnels, charging her with one count of aggravated vehicular homicide, in violation of R.C. 2903.06, with four specifications, including a violence specification, a suspension specification, a DWI specification, and a repeat offender specification.

The uncontroverted facts establish the following: On July 7, 1987, at approximately 6:45 p.m., the defendant, Pennie Runnels, was driving an automobile westbound on Mayfield Road in Cleveland Heights, Ohio. She went through the intersection of Forest Hills Boulevard and collided with the side of an automobile driven by Edward Broughton, who was proceeding southward on Forest Hills Boulevard. Two women were passengers in the automobile driven by Broughton.

All parties were taken to Huron Road Hospital by ambulance. Broughton was pronounced dead at 7:25 p.m. from injuries he sustained in the accident. The defendant was admitted for treatment of her injuries.

Upon admission to the emergency room at Huron Road Hospital, the defendant was placed under arrest and charged with running a red light, driving under the influence of alcohol, and driving while under suspension. These charges were later changed to aggravated vehicular homicide following Broughton's death.

The matter came up for hearing and trial on December 8, 1987. A hearing was had on the appellant's pretrial motion to suppress the results of a blood-alcohol test which was taken without the appellant's consent while she was hospitalized immediately following the automobile accident. The appellant's motion to suppress was denied.

The appellant then entered a plea of no contest to the charge of ag-

gravated vehicular homicide, with the violence, DWI and repeat offender specifications. Defense counsel, however, reserved the right to argue whether the defendant should receive a definite or indefinite sentence.

Following the defendant's no contest plea and the court's subsequent finding of guilt, the trial court sentenced the appellant to a term of imprisonment for three to five years and revoked her driving privileges for life.

The appellant now appeals her sentence, bringing six assignments of error.

The first four assignments of error claim:

"I. It was prejudicial error for the trial court to sentence the appellant to an indefinite term of imprisonment where she was convicted of a fourth degree felony which is not an offense of violence pursuant to Ohio Revised Code Section 2901.01(I) and where the offense of aggravated vehicular homicide cannot be committed without inflicting physical harm.

"II. It was prejudicial error for the trial court to impose an indefinite term of imprisonment on the appellant where the gravamen of the offense for which appellant was convicted cannot be committed without causing death and where the record is silent as to the deceased's condition following the accident and prior to death.

"III. The trial court committed prejudicial error in failing to find that the application of a physical violence specification pursuant to Ohio Revised Code Section 2941.143, to the appellant, who was convicted of aggravated vehicular homicide, deprived the appellant of her rights to equal protection and due process of law as guaranteed by Article I, Section 2 of the Ohio Bill of Rights, Article II, Section 26 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

"IV. The trial court committed reversible error when it imposed an indefinite sentence of imprisonment against the appellant in light of the fact that Ohio Revised Code Section 2941.143 is void for vagueness as it is applied to Ohio Revised Code Section 2903.06."

With these assignments of error, the appellant contests the court's consideration of the violence specification in sentencing her to an indefinite term of incarceration upon finding her guilty of aggravated vehicular homicide. The appellant contends that violence is inherently part of aggravated vehicular homicide, and that a separate violence specification is unwarranted.

I

In her first two assignments of error, the appellant contends that a violence specification is inapplicable to a charge of aggravated vehicular homicide since the offense is not statutorily categorized as an "offense of violence" under R.C. 2901.01(I). The appellant further contends that the addition of a violence specification on a charge of aggravated vehicular homicide results in an arbitrary enhancement of punishment, at the discretion of the prosecutor, since the offense cannot be committed without causing physical harm. We are unpersuaded by these arguments.

R.C. 2903.06 provides that aggravated vehicular homicide, wherein an offender is found to have recklessly caused the death of another, is a fourth degree felony. R.C. 2929.11(B)(7) provides:

"For a felony of the fourth degree, the minimum term shall be eighteen months, two years, thirty months, or three years, and the maximum term shall be five years."

Thereafter, R.C. 2929.11(D) provides:

"Whoever is convicted of or pleads

guilty to a felony of the third or fourth degree and did not, during the commission of that offense, *cause physical harm to any person* * * * and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term, and, in addition, may be fined or required to make restitution. * * *'' (Emphasis added).

R.C. 2941.143 proscribes the imposition of an indefinite term pursuant to R.C. 2929.11(B)(6) or (7) unless the indictment under which the defendant is convicted specifies either that, during the commission of the offense, the offender caused physical harm to any person or threatened physical harm with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence. R.C. 2901.01(C) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

This court has previously found that the violence specification is not an element of aggravated vehicular homicide, but rather a factor which permits the imposition of an indefinite sentence. *State* v. *Kavlich* (1986), 33 Ohio App. 3d 240, 515 N.E. 2d 652; *State* v. *Jones* (Apr. 3, 1986), Cuyahoga App. No. 50362, unreported. In line with this reasoning, we have held that a violence specification pursuant to R.C. 2941.143 may be included in an indictment for aggravated vehicular homicide, R.C. 2903.06(A). *State* v. *Kavlich, supra,* at paragraph three of the syllabus.

We find the language of R.C. 2929.11 and 2941.143 to be unequivocal: where an individual is found guilty of a fourth degree felony and where that individual has caused physical harm to any person during the commission of the offense, as charged in the indictment, the law permits an indefinite sentence to be imposed.

It is of no consequence that the offense is not included as one of the offenses of violence set forth in R.C. 2901.01(I); the statute does not provide an exclusive listing of offenses of violence. Rather, the statute mandates that its enumerated offenses be categorized as offenses of violence. For offenses which are not among those listed under R.C. 2901.01(I), including aggravated vehicular homicide, R.C. 2929.11(A) and 2941.143 allow the trial court to impose an indefinite term of incarceration where a violence specification is included in the indictment and where the defendant is found to have caused physical harm to any person.

In the case now before us, the violence specification was included in the indictment. The defendant was found to have caused physical harm to Edward Broughton, as the term is defined in R.C. 2901.01(C); the victim died of the injuries he sustained due to the defendant's reckless operation of a motor vehicle.

Accordingly, we overrule the appellant's first two assignments of error.

II

In her third and fourth assignments of error, the appellant challenges the constitutional validity of the inclusion of a violence specification on a charge of aggravated vehicular homicide, with such specification included at the discretion of the prosecutor. The appellant contends that inclusion of the specification infringes upon her constitutionally assured rights to equal protection and due process, and that R.C. 2941.143 is void for vagueness as it is applied to R.C. 2903.06. We find no merit to these arguments.

To meet the requirements of substantive due process, a state statute must both respect an individual's fundamental rights and be rationally

related to a legitimate governmental purpose. See *Bowers* v. *Hardwick* (1986), 478 U.S. 186. The Equal Protection Clause proscribes deliberate discrimination between persons in similar circumstances based upon an unjustifiable classification. *State* v. *Jones* (1986), 30 Ohio App. 3d 85, 86, 30 OBR 182, 184, 506 N.E. 2d 1187, 1190 (citing *Oyler* v. *Boles* [1962], 368 U.S. 448, 456).

The issue now before us is not new to Ohio courts. In *State* v. *Lee* (Aug. 14, 1987), Lake App. No. 11-242, unreported, the Court of Appeals for Lake County faced a challenge to the trial court's inclusion of a violence specification on an aggravated vehicular homicide conviction. As in the case now before us, the defendant, a drunk driver, was found to have recklessly killed an innocent victim. The court did not find that the inclusion of the violence specification on a charge of aggravated vehicular homicide offended the defendant's constitutional guarantees. It is uncontroverted that the victim suffered physical harm, notwithstanding the fact that every victim of aggravated vehicular homicide suffers physical harm. Accordingly, the violence specification was found to be available to enhance the punishment of an individual found guilty of aggravated vehicular homicide.

We, too, agree that the availability of a violence specification on an aggravated vehicular homicide indictment was well within the purview of the General Assembly in enacting R.C. 2903.06, 2929.11 and 2941.143. We find the availability of this sanction to be particularly appropriate in cases where drunken drivers are found to have recklessly caused the death of innocent victims, in violation of R.C. 2903.06. The availability of a violence specification on an aggravated vehicular homicide charge comports with the government's continued commitment to protecting citizens from the threat of drunken drivers. We find that drunken drivers are not a protected class to whom special consideration is warranted under the Equal Protection Clause; the enhanced penalty of an indefinite term of incarceration is available for any individual who is found guilty of a fourth degree felony wherein any person was caused to suffer physical harm.

We further find that the application of R.C. 2941.143 to R.C. 2903.06 is not unconstitutionally void for vagueness. The appellant argues that R.C. 2941.143 fails to give notice that the violence specification is available on a charge of aggravated vehicular homicide, a fourth degree felony to which physical harm to the victim is necessarily inherent in the crime. We disagree.

Due process requires that the prohibitions set forth in a criminal statute be clearly defined. *Grayned* v. *City of Rockford* (1972), 408 U.S. 104, 108. Due process guarantees are not offended where a statute provides explicit standards to those who enforce it. *Grayned,* 408 U.S. at 108. A statute which gives a person of ordinary intelligence fair notice that his or her specific conduct is forbidden by the statute is not void for vagueness. *Papachristou* v. *City of Jacksonville* (1972), 405 U.S. 156.

R.C. 2941.143 allows an indefinite term under R.C. 2929.11 if, in the commission of a third or fourth degree felony, the offender caused physical harm to any person. An offender is not insulated from the imposition of an indefinite term merely because in the course of the commission of a certain crime, the victim necessarily dies. Rather, R.C. 2941.143 clearly provides that the imposition of an indefinite term under R.C. 2929.11(B)(6) or (7) is permitted for *any* offender who causes physical harm to his or her victim,

where such specification is included in the indictment.

Accordingly, we overrule the appellant's third and fourth assignments of error.

### III

In her fifth assignment of error, the appellant claims:

"V. The trial court erred in failing to suppress evidence of a blood alcohol test administered to the appellant without her consent and after she had refused the test on three occasions."

The appellant argues that the trial court erred in denying her motion to suppress the report from her nonconsensual blood test, such motion having been made and ruled upon prior to her no contest plea. Crim. R. 12(H) authorizes such an appeal.

In his police report at the scene of the accident at issue, the reporting officer noted the appellant's apparently inebriated condition. Subsequently, following her arrest for drunken driving, a blood test was administered to the appellant by a hospital technician on the order of the arresting police officer. The appellant refused to consent to the blood test and now appeals, claiming that R.C. 4511.191(D) renders a nonconsensual blood test inadmissible in a prosecution for aggravated vehicular homicide. We disagree.

In *Breithaupt* v. *Abram* (1957), 352 U.S. 432, the Supreme Court found that the admission of a blood alcohol test taken at the request of a police officer by a physician from an unconscious automobile driver subsequently accused of involuntary manslaughter did not violate the due process guarantees of the Fourteenth Amendment or the Fourth Amendment prohibition against unreasonable searches and seizures.

The court expanded its position in *Schmerber* v. *California* (1966), 384 U.S. 757, when it upheld a conviction for driving under the influence of alcohol where the state's evidence included a report from a nonconsensual blood test administered to the accused by a hospital physician at the direction of a police officer after the arrest of the accused. The court found that the admission of the blood test report did not deprive the accused of due process of law under the Fourteenth Amendment, or violate his privilege against self-incrimination under the Fifth Amendment.

On appeal, Pennie Runnels now contends that in Ohio, R.C. 4511.191 (D) statutorily enhances the parameters of her constitutionally ensured guarantees. We are not so persuaded.

R.C. 4511.191(A) provided, in part:

"(A) Any person who operates a vehicle upon the public highways within this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcohol, drug, or alcohol and drug content of his blood, breath, or urine if arrested for operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine. * * *"

R.C. 4511.191(D) provided in part:

"(D) If a person under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine refuses upon the request of a police officer to submit to a chemical test * * * no chemical test shall be given, but the registrar of motor vehicles, upon the receipt of a sworn report of the police officer that he had reasonable grounds to believe

the arrested person had been operating a vehicle upon the public highways within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine and that the person refused to submit to the chemical test upon the request of the police officer and upon the receipt of the form as provided in division (C) of this section * * * shall suspend his operator's or chauffeur's license or permit * * * for a period of one year, subject to review as provided in this section * * *."

We do not find that R.C. 4511.191 (D), as set forth above, expands on the constitutional guarantees afforded the criminally accused. Rather, R.C. 4511.191(D) is a civil remedy enacted by the legislature to facilitate the administrative revocation of a driver's license where a driver arrested for driving while intoxicated refuses to submit to a blood-alcohol test. See *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, 54 O.O. 2d 254, 267 N.E. 2d 311. Compliance with the procedures outlined in R.C. 4511.191(D) is not a prerequisite to establishing the admissibility of blood test results in a criminal case involving drunken driving. *State* v. *Stinson* (1984), 21 Ohio App. 3d 14, 21 OBR 15, 486 N.E. 2d 831, paragraph one of the syllabus. A blood test that does not comply with R.C. 4511.191 may still be admitted into evidence so long as a proper foundation for admission is established. *Id.;* see, also, *State* v. *Dress* (1982), 10 Ohio App. 2d 258, 10 OBR 372, 461 N.E. 2d 1312.

It is well established that when the trial court determines that certain evidence will be admitted or excluded, the order or ruling of the court will not be reversed unless there has been a clear and prejudicial abuse of discretion. *O'Brien* v. *Angley* (1980), 63 Ohio St. 2d 159, 163, 17 O.O. 3d 98, 100, 407 N.E. 2d 490, 493. Furthermore, it is within the sound discretion of the trial court to decide what evidence is relevant and will assist the trier of fact. *State* v. *Williams* (1983), 4 Ohio St. 3d 53, 4 OBR 144, 446 N.E. 2d 444; *Owens* v. *Bell* (1983), 6 Ohio St. 3d 46, 6 OBR 65, 451 N.E. 2d 241.

Accordingly, notwithstanding the appellant's refusal to willingly submit to a blood-alcohol test, R.C. 4511.191 (D) does not preclude the admission of the blood test report in the state's prosecution of a charge for aggravated vehicular homicide. We find no abuse of discretion by the trial court on overruling the appellant's motion to suppress the test results. The fifth assignment of error is overruled.

## IV

The appellant's sixth assignment of error claims:

"VI. The trial court committed prejudicial error in finding appellant guilty of aggravated vehicular homicide when at the very best the prosecutor's recitation of the facts establishes only negligence, not recklessness."

The appellant's final assignment of error contends that the prosecutor's recitation of facts, as set forth by the prosecutor as the basis for the appellant's no contest plea, failed to establish the element of recklessness required to sustain a conviction for aggravated vehicular homicide. This assignment of error is meritless.

"Reckless conduct" is defined in R.C. 2901.22(C):

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indif-

ference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Evidence that a defendant was driving under the influence of alcohol is sufficient to support a finding of recklessness. See *State* v. *Kavlich* (1986), 33 Ohio App. 3d 240, 243-245, 515 N.E. 2d 652, 654-656; *State* v. *Stinson, supra*; *State* v. *Dudock* (1983), 6 Ohio App. 3d 64, 6 OBR 502, 453 N.E. 2d 1124.

In the case before us, the prosecutor's recitation of facts included the statement that the defendant was intoxicated at the time of the automobile collision at issue. The arresting officer had noted on his report that at the time of the accident Runnels was extremely incapacitated by alcohol. The appellant's blood alcohol level was determined to be .21 percent. The appellant pled no contest to the charge that she had been driving under the influence of alcohol.

Accordingly, we overrule the appellant's sixth assignment of error.

*Judgment affirmed.*

PATTON, P.J., and DYKE, J., concur.