DECISION.
After his involvement in an automobile accident, Duane K. Carter was charged with driving under the influence, in violation of R.C. 4511.19(A) (1), and with driving left of center, in violation of Cincinnati Municipal Code 506-76. Upon receipt of blood-test results, Carter was also cited for driving with a prohibited blood-alcohol content in violation of R.C.4511.19(A) (2). Carter filed a motion to suppress on the ground that he had not voluntarily consented to the blood test.
At the hearing on the motion to suppress, the trial court clarified that the motion addressed only the voluntariness of Carter's consent to the blood test. Throughout the motion hearing, the trial court limited the presentation of evidence to the voluntariness issue. At the close of the evidence, Carter's attorney argued that the state had failed to produce evidence that Carter was under arrest at the time his blood was taken. The trial court granted the motion on this ground. The state appeals, assigning as error the trial court's granting of Carter's motion to suppress.
The Supreme Court of Ohio has held that, in order to suppress evidence obtained from a warrantless search, the defendant must first (1) demonstrate that there was no warrant and (2) raise the grounds upon which he challenges the validity of the search or seizure in such a manner that the prosecutor has notice of the basis for the challenge. Xenia v. Wallace (1988), 37 Ohio St.3d 216,524 N.E.2d 889; see, also, Crim.R. 47. The Xenia
court stated that if the defendant fails to raise an issue in a manner sufficient to allow the prosecutor and the court to prepare for the motion hearing, the defendant waives that issue on appeal:
 * * * the prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search. The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. [Citations omitted.]
 Id. If the grounds in the defendant's motion to suppress blood-test results are confined to only one set of subordinate facts, such as the voluntariness of the consent, the defendant has, in effect, waived all other subordinate matters relating to the legality of the test, and the state's ultimate burden of proof or persuasion relates only to the disputed set of facts. SeeFairfield v. Regner (1985), 23 Ohio App.3d 79, 491 N.E.2d 333, quoting State v. Gasser (1980), 5 Ohio App.3d 217, 451 N.E.2d 249.
The defendant must file his motion to suppress within thirty-five days after arraignment or seven days before trial, whichever is earlier. Crim.R.12(C). Matters not raised by the defendant within this time period are waived, unless the court grants relief from the waiver. Crim.R. 12(G); see Wauseon v.Badenhop (1984), 9 Ohio St.3d 152, 459 N.E.2d 867; State v. James
(1980), 68 Ohio App.2d 227, 428 N.E.2d 876.
Because Carter failed to raise in his motion to suppress an issue concerning whether he had been arrested, the prosecutor and the trial court only had notice of Carter's claim that his blood had been taken involuntarily. For this reason, the trial court limited the presentation of evidence to the voluntariness issue. Carter did not argue the state's failure to demonstrate an arrest until the close of the evidence. We hold that Carter's failure to raise the lack-of-arrest issue in his motion to suppress constituted a waiver of that issue. Because the trial court granted Carter's motion to suppress on a ground that Carter failed to raise in his motion, we must sustain the state's single assignment of error.
Furthermore, we note that the record fails to support the trial court's finding that Carter was not under arrest at the time of his consent to the blood test. The record demonstrates that when police officers arrived at the scene of the automobile accident, they determined that Carter had driven left of center before colliding head-on with another car. Carter's breath smelled of alcohol. One of the officers performed a horizontal-gaze-nystagmus test, which Carter failed. The officers advised Carter of his rights. When firefighters placed Carter in an ambulance to transport him to a hospital, the officers read to him the implied-consent portion of the form specified in R.C. 4511.191. The implied-consent language read, "You now are under arrest for operating a vehicle * * *." Furthermore, one of the officers signed the form as the arresting officer and certified that he had arrested Carter, having had reasonable grounds to believe that he was driving under the influence of alcohol. The record contains sufficient evidence that Carter was under arrest at the time officers read to him the implied-consent form. See State v. Whitaker (Oct. 12, 1998), Warren App. No. CA97-12-123, unreported; State v. Riley (Dec. 14, 1994), Lorain App. No. 94CA005668, unreported; Maumee v. Martin
(Dec. 9, 1988), Lucas App. No. L-88-134, unreported.
In this case, the police officers were justified in obtaining a blood sample from Carter because they had probable cause to believe that he was driving under the influence of alcohol and could reasonably have believed, under the circumstances, that there was no time to secure a warrant. SeeSchmerber v. California (1966), 384 U.S. 757, 86 S.Ct. 1826. R.C. 4511.191, Ohio's implied-consent statute, does not create a right of refusal or expand on the constitutional rights of a person suspected of driving under the influence. See State v.Sisler (1996), 114 Ohio App.3d 337, 683 N.E.2d 106; State v.Runnels (1989) 56 Ohio App.3d 120, 565 N.E.2d 610; McNulty v.Curry (1975), 42 Ohio St.2d 341, 328 N.E.2d 298. Regardless of whether Carter consented to the withdrawal of his blood, the officers were authorized to obtain a blood sample. See Sisler,supra. Compliance with the procedures outlined in R.C. 4511.191
is not a prerequisite to the admission of blood-test results in a criminal trial. See State v. Stinson (1984), 21 Ohio App.3d 14,486 N.E.2d 831.
Therefore, we reverse the judgment of the trial court and remand this case for trial.
Judgment reversed and cause remanded.
 Gorman, P.J., and Sundermann, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.