OPINION
Plaintiff-appellant John E. Wise appeals the August 5, 1999, Judgment Entry of the Stark County Court of Common Pleas granting Summary Judgment in favor of defendant-appellee Lee Ann J. Morrison.
 STATEMENT OF THE FACTS AND CASE
On April 22, 1996, plaintiff-appellant, John E. Wise, was injured in an automobile crash with defendant-appellee, Lee Ann J. Morrison. Wise filed a complaint in the Stark County Court of Common Pleas on April 29, 1998, two years and seven days after the crash. In the complaint, Wise contended that he sustained injuries in the accident as a result of Morrison's negligence. Appellee filed an answer on November 6, 1998 which included a claim that appellant's claim was barred by the applicable statute of limitations. On July 13, 1999, Morrison filed a Motion for Summary Judgment with supporting affidavit. Morrison asserted that Wise's complaint was filed beyond the two year statute of limitations for personal injury claims, thus entitling Morrison to Summary Judgment as a matter of law. Morrison anticipated that Wise would claim that the statute of limitations was tolled pursuant to R.C.2305.15(A) and admitted, by affidavit, that she had been absent from the state for two weeks on vacation. Morrison's affidavit stated that she had engaged in interstate commerce while on vacation. Based upon this affidavit, Morrison argued that R.C.2305.15, as applied to her, violated the Commerce Clause of the U.S. Constitution. Morrison also contended that R.C. 2305.15
violated the due process clause of the United States Constitution because it restricted her right to travel. Wise replied to Morrison's motion, asserting that application of R.C. 2305.15 did not violate the Commerce Clause under the facts of this case. Wise argued that personal vacations do not involve interstate commerce and therefore the commerce clause was not applicable. Next, Wise argued that, even if personal vacations involved interstate commerce, the State had a legitimate interest in regulating its court proceedings and such interest outweighed any burden imposed on interstate commerce. On August 5, 1999, the trial court granted defendant's motion for summary judgment. The trial court found that application of R.C. 2305.15 to the case sub judice is unconstitutional, based on the commerce clause. It is from the August 5, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN ITS IMPLICIT HOLDING THAT BENDIX [SIC] OVERRULED THE SUPREME COURT OF OHIO'S DECISION IN WETZEL.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN HOLDING THAT A PERSONAL VACATION TAKEN OUTSIDE THIS STATE CONSTITUTES INTERSTATE COMMERCE.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN HOLDING THAT THE APPLICATION OF R.C. SEC. 2305.15 TO TOLL THE STATUTE OF LIMITATIONS IN A PERSONAL INJURY CASE FOR THE PERIOD OF TIME THE DEFENDANT SPENT OUTSIDE THE STATE ON VACATION VIOLATES THE DORMANT COMMERCE CLAUSE OF THE UNITED STATES CONSTITUTION.
Initially, we note that this appeal is the result of a grant of summary judgment by the trial court. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Based upon the admission made by the appellee in her affidavit, there does not appear to be a genuine issue of material fact. Therefore, we must review whether appellee was entitled to judgment as a matter of law. It is based upon this standard we review appellant's assignments of error. Specifically, this appeal concerns the constitutionality of R.C. 2305.15(A). This issue has been considered by several courts and has led to inconsistent and conflicting decisions. A brief history is in order to place appellant's arguments into perspective. R.C. 2305.15(A) states, in pertinent part: When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action . . . does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought. The Ohio Supreme Court considered the application of R.C. 2305.15(A) to residents of Ohio who temporarily leave the state on a vacation in Wetzel v. Weyant (1975), 41 Ohio St.2d 135, 323 N.E.2d 711. The defendant in Wetzel left the State, after a cause of action accrued against him, on vacations and to attend a conference. The plaintiff failed to bring an action until after the applicable statute of limitations had passed. However, the plaintiff argued that the statute of limitations had been tolled when the defendant left the State. The Ohio Supreme Court held that "[w]here a defendant temporarily leaves the state after a cause of action accrues against him, he `departs from the state' within the meaning of R.C. 2305.15 and the time of his absence is not computed as any part of a period within which the action must be brought." Wetzel, syllabus. The Court applied R.C. 2305.15 to toll the statute of limitations for the time that the defendant was out of state, including while the defendant was on vacation. However, the constitutionality of R.C. 2305.15(A) was challenged in Bendix Autolight Corp. v. Midwesco Enterprises, Inc. (1988),486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896. In Bendix, the United States Supreme Court considered R.C. 2305.15(A) to determine if it violated the Commerce Clause as applied to out-of-state corporations, which were engaged in interstate commerce. The Court did not declare the statute unconstitutionally discriminatory on its face but applied a balancing test to determine whether the State's interest was legitimate and whether the burden on interstate commerce exceeded the local benefits so as to constitute an unreasonable burden. The Court found that a foreign corporation would have to choose between exposure to the general jurisdiction of Ohio courts, by appointing a resident agent, or forfeit any statute of limitations defense under the tolling statute. The Court determined that this choice was an impermissible burden on interstate commerce, thereby violating the Commerce Clause. Since Bendix, a myriad of Ohio appellate courts have considered this issue in varying factual contexts and, as discussed below, reached varied and conflicting results.
 I
In appellant's first assignment of error, appellant asserts that the trial court erred when it implicitly found that the United States Supreme Court's decision in Bendix Autolight Corp. v. Midwesco Enterprises, Inc. (1988), 486 U.S. 888, 108 S.Ct. 2218,100 L.Ed.2d 896, overruled the Ohio Supreme Court's decision in Wetzel v. Weyant (1975), 41 Ohio St.2d 135, 323 N.E.2d 711. We agree in part. We find Bendix did not overrule Wetzel in factual situations in which the defendant was not engaged in interstate commerce, and therefore the Commerce Clause was not implicated, or in factual situations in which the result of the application of the balancing test, as applied in Bendix, would produce a finding that the burden imposed on interstate commerce by the tolling of the statute was not unreasonable. Bendix, 108 S.Ct. at 2220-2221; Crosby v. Beam (1992), 83 Ohio App.3d 501, 512, 615 N.E.2d 294. Appellant's first assignment of error is sustained in part and overruled in part.
 II
In appellant's second assignment of error, appellant contends that the trial court erred in holding that an out-of-state vacation constitutes interstate commerce. We disagree. We find that out-of-state vacations constitute interstate commerce. In Edwards v. California (1941), 314 U.S. 160, 172, 62 S.Ct. 164, 166,86 L.Ed. 119, the United States Supreme Court held that "the movement of persons [between states] falls within . . . the Commerce Clause. Appellant's second assignment of error is overruled.
 III
In appellant's third assignment of error, appellant argues that the trial court erred in holding that the application of R.C.2305.15(A) to toll the statute of limitations in a personal injury case for the period of time the defendant spent out of the state on vacation violates the dormant commerce clause. "Where the burden of a state regulation falls on interstate commerce, restricting its flow in a manner not applicable to local business and trade, there may be either a discrimination that renders the regulation invalid without more, or cause to weigh and assess the State's putative interests against the interstate restraints to determine if the burden imposed is an unreasonable one." Bendix, supra, 108 S.Ct. at 2221 (citing Brown-Forman Distillers Corp. v. New York State Liquor Authority (1986), 476 U.S. 573, 578-579,106 S.Ct. 2080, 2084-2085, 90 L.Ed.2d 552 (a statute must be struck down if the burden on interstate commerce clearly exceeds the local benefits). We find that R.C. 2305.15(A) does not unreasonably burden interstate commerce when it extends a statute of limitations for a reasonable period of time due to a temporary absence by an Ohio resident who has left the State for vacation purposes. We agree with the Court of Appeals for the Tenth District that both the ruling and rationale of Bendix do not apply to a case filed by a resident of the State of Ohio who has left the State temporarily for a vacation. Appellee is not in the situation of the foreign corporation who was subject to suit in perpetuity. In this case, the statute of limitations was extended by a period of fourteen days, which we find is not an unreasonable period of time and, as such, does not place an unreasonable burden upon interstate commerce. In her Motion for Summary Judgment and Merit Brief, appellee contends that even if R.C. 2305.15 survives commerce clause scrutiny, it violates a her fundamental right to travel, as protected by the due process clause of the United States Constitution. Generally speaking, the analyses for due process and equal protection are identical, and the only substantial difference between substantive due process and equal protection is that legislation reviewed under equal protection involves a classification. See Morris v. Savoy (1991), 61 Ohio St.3d 684,706-707, 576 N.E.2d 765, 781-782 (Sweeney, J., concurring in part and dissenting in part). A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clauses of the Ohio and United States Constitutions if it bears a rational relationship to a legitimate governmental interest. Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29,550 N.E.2d 181, 183. Likewise, a statute challenged on due process grounds, which does not bear upon a fundamental right or suspect class, will be deemed valid if it is rationally related to a legitimate governmental purpose. State v. Runnels (1989), 56 Ohio App.3d 120,122-123, 565 N.E.2d 610, 614-615. Therefore, a statute will be found constitutionally valid if it (1) bears a real and substantial relation to the public health, safety, morals or general welfare of the public, and (2) if it is not unreasonable or arbitrary. Van der Veer v. Ohio Department of Transportation (1996), 113 Ohio App.3d 60, 680 N.E.2d 230, overruled on other grounds, Franklin App. No. 97API10-1301, 97AP110-1324, unreported, 1998 WL 655023 (Sept. 22, 1998) (citing Mominee v. Scherbarth (1986), 28 Ohio St.3d 270, 503 N.E.2d 717). The initial question we must address is whether a fundamental right is involved. Appellee argues that R.C. 2305.15(A) infringes upon one's fundamental right to travel. We disagree. The United States Supreme Court addressed an equal protection challenge to a New Jersey statute which tolled the statute of limitations against certain out-of-state corporations. In so doing, the Supreme Court found that such a tolling statute did not impact the right to travel but rather the right to a statute of limitations defense, which was not a fundamental right. G.D. Searle Co. (1982),455 U.S. 404, 407, 102 S.Ct. 1137, 1141, 71 L.Ed.2d 250. Likewise, a federal district court, when considering the constitutionality of R.C. 2305.15, found that the no fundamental right was involved in the application of R.C. 2305.15. Vostack v. Axt (1981),510 F. Supp. 217 (considering an equal protection and due process challenge to R.C. 2305.15). Therefore, since neither the Searle nor Vostack courts found that a statute that tolled the statute of limitations under certain situations concerned a fundamental right, those courts applied the rational basis test. We agree and find that no fundamental right is involved in this case. Therefore, we will apply a rational basis test. R.C. 2305.15
rationally serves the legitimate state purpose of easing the burden upon Ohio plaintiffs who are attempting to serve process on defendants who have left the state after committing a tortious act, including when an Ohio resident leaves the state on vacation, as is the case here. Cf. Vostack v. Axt, supra. When one is out of the state on vacation, it would be more difficult and costly to locate and serve that person. The statute, as applied to appellee, eases the possible burden on plaintiffs in suits against persons who leave the state for temporary periods of time on vacations. We find that R.C. 2305.15 is not unreasonable or arbitrary. Therefore, this court concludes that R.C. 2305.15 is not irrational and is constitutional under the due process clause of the United States Constitution. In light of our finding that R.C.2305.15(A) is constitutional as applied to appellee, we find that the trial court erred when it granted summary judgment in favor of appellee, and further find that appellant is not barred by the statute of limitations. Therefore, appellant's third assignment of error is sustained. The judgment of the Stark County Court of Common Pleas is reversed and remanded back to the trial court for proceedings consistent with this opinion. By Edwards, J. Gwin, P.J. and Milligan, V.J. concurs.