This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Kenneth Rinard, appellant, appeals from the judgment of the Wayne County Court of Common Pleas. We affirm.
 {¶ 2} On May 5, 2002, Mr. Rinard was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and speeding, in violation of R.C. 4511.21(D). Mr. Rinard refused to submit to a chemical breath test. After suspending Mr. Rinard's driver's license pursuant to R.C. 4511.19.1, Trooper Mosser obtained a search warrant for Mr. Rinard's blood. Mr. Rinard's blood was drawn at the Wooster Community Hospital. The test indicated a result of .101 grams of alcohol by weight in Mr. Rinard's blood. On June 19, 2002, the charges were amended to include a charge of prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(2).
 {¶ 3} Mr. Rinard moved to suppress any evidence obtained after his arrest, including the results of the blood test. The trial court conducted a hearing on the motion to suppress. The motion was denied and a jury convicted Mr. Rinard of violating R.C. 4511.19(A)(1) and4511.19(A)(2), as well as speeding. Mr. Rinard was sentenced accordingly. It is from this judgment that Mr. Rinard appeals.
 {¶ 4} Mr. Rinard asserts three assignments of error. We will address each assignment of error in turn.
 First Assignment of Error "THE TRIAL COURT ERRED IN CONSIDERING THE ADMINISTRATION AND RESULTS OF A PORTABLE BREATH TEST IN DETERMINING WHETHER PROBABLE CAUSE EXISTED TO ARREST RINARD FOR DRIVING UNDER THE INFLUENCE."
 {¶ 5} In his first assignment of error, Mr. Rinard asserts that the trial court erred by considering the results of a portable breath test ("PBT") when determining whether probable cause existed to arrest Mr. Rinard for driving under the influence of alcohol. We disagree.
 {¶ 6} In its journal entry, the trial court considered the following facts in determining whether there was probable cause to arrest Mr. Rinard: (1) his speed was seventeen miles per hour in excess of the posted speed limit; (2) Trooper Mosser noticed an odor of alcohol; (3) Mr. Rinard's eyes were bloodshot; (4) his speech was slurred; (5) he had uncertain balance; and (6) he admitted to having consumed alcohol. The trial court stated that "[t]hese facts are sufficient to warrant a prudent person in the belief that the defendant was under the influence of alcohol at the time he operated his vehicle." The trial court further stated that "[t]he added evidence of the portable breath test merely enhances the factual basis for a finding of probable cause for the defendant's arrest."
 {¶ 7} The trial court found that probable cause existed regardless of the results of the portable breath test; therefore, this Court cannot say that the trial court erred in considering the portable breath test. Mr. Rinard's first assignment of error is not well taken.
 Second Assignment of Error "THE TRIAL COURT ERRED IN HOLDING THAT THE STATE OF OHIO PRODUCED SUFFICIENT EVIDENCE TO ESTABLISH THAT STATE TROOPER MOSSOR HAD PROBABLE CAUSE TO ARREST RINARD FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL."
 {¶ 8} In his second assignment of error, Mr. Rinard avers that the there was not sufficient evidence to establish probable cause to arrest him for driving under the influence of alcohol. We disagree.
 {¶ 9} During the hearing on the motion to suppress, Trooper Mosser testified that Mr. Rinard was unsteady on his feet and that his speech was slurred. Mr. Rinard argues that the videotape of the stop and arrest shows that he was not unsteady and his speech was not slurred. The trial court considered the videotape when determining whether there was probable cause to arrest Mr. Rinard. The videotape was entered into the record as exhibit C.
 {¶ 10} The record before this Court includes the docket transcript, the transcript of the hearing on the motion to suppress, the trial transcript, and the trial exhibits. While this Court was provided with Mr. Rinard's blood sample, this Court did not receive the exhibits from the suppression hearing. "App.R. 9(B) assigns to the appellant the responsibility to transmit the entire record on appeal. Our review of the proceedings below is limited to the record certified to us." State v.Spitzer (Jan. 26, 2000), 9th Dist. No. 2848-M, citing State v. Ishmail
(1978), 54 Ohio St.2d 402, 406, and App.R. 12(A). In addition, Loc.R. 5(A) states that "[i]t is the duty of the appellant to arrange for the timely transmission of the record, *** and to ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal." When an appellant's assignment of error is dependent upon evidence that is not included in the record on appeal, the judgment of the trial court carries with it the "presumption of validity." Ford v.Ideal Aluminum, Inc. (1966), 7 Ohio St.2d 9, 13.
 {¶ 11} Because the videotape was before the trial court, but was not included in the record for review, we cannot say that the trial court erred in finding probable cause. Mr. Rinard's second assignment of error is overruled.
 Third Assignment of Error "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE RESULT OF RINARD'S NONCONSENSUAL BLOOD TEST."
 {¶ 12} In his third assignment of error, Mr. Rinard avers that the trial court erred in failing to suppress the results of his blood test. We disagree.
 {¶ 13} An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332. When reviewing a trial court's findings of fact, "an appellate court must give due weight to inferences drawn from those facts by the trial court because the trial court is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Yeager, 9th Dist. Nos. 21091, 21112, 21120,2003-Ohio-1808, at ¶ 5, citing State v. Hopfer (1996),112 Ohio App.3d 521, 548. Therefore, an appellate court reviews a trial court's findings of fact only for clear error. State v. Russell (1998),127 Ohio App.3d 414, 416. A trial court's legal conclusions, however, are reviewed de novo. Id. at 416.
 {¶ 14} Ohio's implied consent statute, R.C. 4511.19.1(D), sets forth the procedures for an administrative license suspension if a person under arrest refuses to submit to a chemical test. See State v. Cooper
(Aug. 29, 1997), 6th Dist. No. L-96-280. R.C. 4511.19.1(D) is a civil remedy to facilitate the administrative revocation of a driver's license when a person arrested for driving while intoxicated refuses to submit to a blood-alcohol test. State v. Runnels (1989), 56 Ohio App.3d 120, 125.
 "Compliance with the procedures outlined in R.C. 4511.19.1(D) is not a prerequisite to establishing the admissibility of blood test results in a criminal case involving drunken driving. A blood test that does not comply with R.C. 4511.19.1 may still be admitted into evidence so long as a proper foundation for admission is established." (Citations omitted.) Id.
 {¶ 15} Withdrawal of a blood sample from an accused person in order to determine its alcohol content for the purpose of proving a criminal charge is a search and seizure within the meaning of theFourth Amendment. Schmerber v. California (1966), 384 U.S. 757, 767,16 L.Ed.2d 908. The Fourth Amendment to the United States Constitution provides:
 "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
 {¶ 16} In State v. Sisler (1996), 114 Ohio App.3d 337, 342, police were authorized to take a driver's blood, regardless of whether the driver consented or refused according to R.C. 4511.19.1, due to the rapid elimination of alcohol from the blood and the difficulty in procuring a warrant. "In that circumstance, the only further requirements imposed on them are that the procedure be conducted in a medically acceptable manner and without the use of excessive force." Id.
 {¶ 17} Mr. Rinard argues that that the state may not issue a warrant for a defendant's blood after that person has refused to consent to a chemical test because R.C. 4511.19.1 does not specifically allow the search. In light of the above case law, this Court disagrees. Trooper Mosser procured a valid warrant for Mr. Rinard's blood. It is not disputed that the procedure was conducted in a medically acceptable manner and without the use of excessive force.
 {¶ 18} Mr. Rinard argues that it was fundamentally unfair and a violation of due process that he was not advised that a warrant could be issued for his blood even if he refused to consent to a blood test. Rather, Mr. Rinard asserts that Trooper Mosser should have foregone requesting Mr. Rinard's consent and obtained the search warrant directly. In support of his position, Mr. Rinard cites to State v. Scott
(Minn.App. 1991), 473 N.W.2d 375. The Court of Appeals of Minnesota held that it violated the fundamental principles of fairness inherent in due process for an officer to inform a person, pursuant to the implied consent statute,
 "that if testing is refused negative consequences will occur — i.e. license revocation, criminal sanctions and use of refusal as evidence in criminal prosecution — without also informing the individual that a test will be taken with or without that individual's consent." Id. at 377.
 {¶ 19} The analysis in Scott does not apply to the facts of this case. Minnesota's implied consent statute states that an officer shallnot give a test if the driver refuses to permit one. Minn. Stat. § 169.123, subd. 4. While Ohio's implied consent statute previously contained similar language, that provision was removed effective July 1, 1993. Moreover, Ohio case law states that R.C. 4511.19.1(D) does not expand on the constitutional guarantees afforded the criminally accused.Runnels, 56 Ohio App.3d at 125, see, also State v. Carter (Nov. 5, 1999), 1st Dist. No. C-980942, C-980943, C-980944. Mr. Rinard's constitutional guarantees are provided by the Fourth Amendment's warrant requirement. Trooper Mosser obtained a valid warrant to draw Mr. Rinard's blood; therefore, the trial court did not err in denying Mr. Rinard's motion to suppress.
 {¶ 20} Mr. Rinard's third assignment of error is not well taken.
 {¶ 21} Mr. Rinard's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
SLABY, P.J. CONCURS.
BAIRD, J. CONCURS IN JUDGMENT.