The State of Ohio, Appellee, *v.* Scheurell, Appellant.

218

(No. 85AP-779 — Decided
June 24, 1986.)

*Michael Miller,* prosecuting attorney, and *Karen L. Martin,* for appellee.

*James Kura,* county public defender, and *Allen V. Adair,* for appellant.

NORRIS, J. Defendant appeals from his conviction for vehicular homicide, under R.C. 2903.07, and the jury's additional determination that he was under the influence of alcohol, which finding resulted in the permanent revocation of his driving privileges. He raises three assignments of error:

"1. Improper cross-examination and argument by the prosecuting attorney denied appellant a fair trial and due process of law.

"2. The court below erroneously delivered a jury instruction to the effect that the jury could consider the results of a test of appellant's blood for alcohol, along with other evidence, in determining whether he was under the influence of alcohol at the time of the accident in question.

"3. The jury's finding that appellant was under the influence of alcohol was not supported by substantial credible evidence."

In view of defense counsel's not having objected to the cross-examination complained about in defendant's argument in support of the first assignment of error; the failure to demonstrate that the state's closing argument deviated from the latitude accorded counsel in argument to the point of prejudicing his cause; and the trial court's cautionary instructions to the jury, we are unable to say that the trial court erred in the matters assigned and, so, overrule the first assignment of error.

Insofar as pertinent to the second assignment of error, R.C. 2903.07 reads as follows:

"(A) No person, while operating * * * a motor vehicle * * * shall negligently cause the death of another.

"(B) Whoever violates this section is guilty of vehicular homicide, a misdemeanor of the first degree. * * *

"If the jury * * * finds that the offender was under the influence of alcohol * * * at the time of the commission of the offense, then the offender's operator's * * * license * * * shall be permanently revoked * * *.

"When the trier of fact determines whether the offender was under the influence of alcohol * * *, the concentration of alcohol in the offender's blood, breath, or urine as shown by a chemical test * * * may be considered as competent evidence and the offender shall be presumed to have been under the influence of alcohol if there was at the time the bodily substance was withdrawn for the chemical test a concentration of ten-hundredths of one per cent or more by weight of alcohol in the offender's blood."

Defendant contends that evidence of the result of the test of his blood for alcohol concentration should not have been admitted, in the absence of expert testimony interpreting the result for the jury. His objection at trial on the general issue of the admissibility of evidence of the chemical test was prop-

erly overruled, in view of the specific language of R.C. 2903.07, authorizing consideration of such evidence. However, because the test result was below ten-hundredths of one percent, the statute is silent concerning any evidentiary presumption attaching to the test result. Accordingly, the question remains as to whether a trial court may admit evidence of such a lower test result (here, .08 percent), in the absence of expert testimony interpreting the significance of the test.

We believe that the situation is analogous to that which existed prior to the adoption of statutory presumptions which attached in the prosecution of drivers charged with driving under the influence of alcohol. Those presumptions, embodied in former R.C. 4511.19, provided, in essence, that if the concentration was less than .05 percent the person was presumed not to be under the influence of alcohol; if the concentration was between .05 and .10 percent, there was no presumption; and, if the result was in excess of .10 percent, then, the defendant was presumed to be under the influence of alcohol. These statutory presumptions eliminated the need for expert testimony. See *State* v. *Vega* (1984), 12 Ohio St. 3d 185, 12 OBR 251, 465 N.E. 2d 1303; *State* v. *Myers* (1971), 26 Ohio St. 2d 190, 55 O.O. 2d 447, 271 N.E. 2d 245; *State* v. *Brockway* (1981), 2 Ohio App. 3d 227, 2 OBR 247, 441 N.E. 2d 602.

However, prior to the adoption by the General Assembly of these statutory presumptions, expert testimony was required to explain to the trier of facts the significance of chemical test results; otherwise, evidence of the simple numerical result would have no probative value on the issue of whether a person was under the influence of alcohol. *Parton* v. *Weilnau* (1959), 169 Ohio St. 145, at 151, 8 O.O. 2d 134, at 137, 158 N.E. 2d 719, at 724; *Piqua* v. *Hinger* (1967), 13 Ohio App. 2d 108, 42

O.O. 2d 216, 234 N.E. 2d 321, reversed on other grounds (1968), 15 Ohio St. 2d 110, 44 O.O. 2d 81, 238 N.E. 2d 766.

By the same legislation which enacted R.C. 2903.07 in its present form, the General Assembly also amended R.C. 4511.19 by eliminating the presumptions referred to above. See Am. Sub. S.B. 432, 139 Ohio Laws, Part I, 927, 945-947, effective March 16, 1983. Accordingly, it would appear that we have reverted to the pre-presumption version of the statute, insofar as proving a charge of driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1) is concerned. Under those circumstances, the logic supporting *Parton* v. *Weilnau, supra,* remains compelling. Because the field of chemical testing for alcohol concentration is beyond the common knowledge of laymen, a jury is not qualified to assess this kind of special scientific evidence, if unassisted by a knowledgeable expert.

The situation is slightly different when a charge is brought under R.C. 2903.07 since, there, a statutory presumption is prescribed where the test results exceed ten-hundredths of one percent. However, the conclusion is nevertheless inescapable — that, in order for the trier of facts to consider evidence of a chemical test resulting in a concentration of alcohol less that the presumptive level called for by R.C. 2903.07, expert testimony is required to explain the significance of the test results.

In this case, defense counsel objected not only to the admission of the test results, but when that objection had been overruled, also went on to successfully object to an effort by the state to elicit from its expert witness an explanation of the test's significance. Accordingly, defendant cannot now be heard to complain on appeal of an error which he himself induced the trial court to commit. *Lester* v. *Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50

N.E. 2d 145, paragraph one of the syllabus; *Krause* v. *Morgan* (1895), 53 Ohio St. 26, 40 N.E. 886; *State* v. *Woodruff* (1983), 10 Ohio App. 3d 326, 10 OBR 532, 462 N.E. 2d 457. The second assignment of error is overruled.

Because the record supports the jury's finding that defendant was under the influence of alcohol, the third assignment of error is overruled.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MOYER, P.J., and BLACK, J., concur.

BLACK, J., of the First Appellate District, sitting by assignment in the Tenth Appellate District.