OPINION
{¶ 1} Plaintiff-appellant, American Select Insurance Company, appeals a decision of the Warren County Court of Common Pleas denying its motion for a judgment notwithstanding the verdict and/or new trial.
 {¶ 2} On April 21, 2001, Amanda Sunnycalb and her friend Michelle Brannen went to a bar in Lebanon, Ohio around 10:30 p.m. Half an hour later, Michael Judd, Brian Clemmons, and Timothy Newton arrived at the bar. All five drank and played video games until 2:30 a.m. when they left the bar. Brian drove his car while Michael, Michelle, and Timothy rode as passengers in a car driven by Amanda. Michael was severely injured when Amanda lost control of the car and struck a utility pole. At the time of the accident, Michael was insured by appellant. As a result, appellant paid Michael $110,000 in damages. It then filed a suit against Amanda to recover the $110,000.
 {¶ 3} A jury trial was held in November 2004. At issue was whether Michael was negligent and/or assumed the risk of injury when he rode as a passenger because he knew or should have known that Amanda was intoxicated. Amanda presented the testimony of state trooper Jeremy Wickman, the investigating officer. While the trooper was listed as a lay witness, he was never listed as an expert witness prior to trial. Over appellant's objections, and after voir dire, the trial court allowed the trooper to testify as an expert witness that following the accident, Amanda had a blood alcohol level of .227 percent, and that based on a reasonable degree of probability, Amanda was severely impaired at the time of the accident, which should have been readily apparent even to a civilian. The trooper testified, however, that he did not speak to Amanda at the scene of the accident, but that she was alert and answering questions. The trooper testified that he had made between 100 and 200 driving under the influence ("DUI") arrests, and that ten to 15 of those were for an alcohol content at or above .20 percent (that is, twice the legal limit of .10 percent). In turn, of those ten to 15 DUI arrests, only four or five were for an alcohol content between .25 and .30 percent.
 {¶ 4} No evidence other than Amanda's blood alcohol level and the trooper's expert testimony was presented to show she was intoxicated. Amanda, who suffered a cerebral hemorrhage from the accident, could not remember the accident or the events immediately preceding it, including leaving the bar. She did testify she likely had at least three beers between 10:30 p.m. and 2:30 a.m. Michael likewise testified that during that period, Amanda had three or four beers. Michael, Brian, and Timothy all testified that Amanda did not appear intoxicated that night and did not exhibit signs of intoxication. Amanda told Michael and Timothy outside the bar that she was okay to drive. Amanda never expressed reservations or concerns about driving. In fact, Michael asked her twice if she was okay to drive. Twice, she said she was. Until she lost control of the car, Amanda did not exhibit signs, while driving, that she was intoxicated.
 {¶ 5} A jury found Michael to be 55 percent comparatively negligent and entered a verdict in favor of Amanda. By judgment entry filed November 29, 2004, the trial court granted judgment in favor of Amanda. Appellant's motion for a judgment N.O.V. and/or new trial was subsequently overruled by the trial court. This appeal follows.
 {¶ 6} In its first assignment of error, appellant argues that the trial court erred by allowing the trooper to testify as an expert witness as to Amanda's blood alcohol level at the time of the accident.
 {¶ 7} A blood-alcohol test result is relevant to the issue of comparative negligence. Bishop v. Munson Transp., Inc. (1996),109 Ohio App.3d 573, 578. Thus, that result is admissible into evidence in a civil case only in conjunction with expert testimony that explains the significance of the percentage of alcohol found in the individual. See Meszar v. Bowen Implement Co. (1997),122 Ohio App.3d 141, citing Parton v. Weilnau (1959), 169 Ohio St. 145, and Konrad v. Robinson (Sept. 8, 1992), Clermont App. No. CA92-02-015.
 {¶ 8} In Parton, one issue was whether the plaintiff/decedent's intoxication caused an automobile accident. The Ohio Supreme Court held that evidence of the decedent's blood alcohol level was not admissible without expert testimony to explain the significance of the percentage of alcohol found in the decedent's blood because "the evidence as to that percentage does not tend to prove decedent was under the influence of alcohol." Parton, 169 Ohio St. at 151. The supreme court stated that a jury, without the guidance of expert testimony, should not be permitted to speculate as to the percentage's significance. Id.
 {¶ 9} In State v. Scheurell (1986), 33 Ohio App.3d 217, the Tenth Appellate District stated that evidence of a simple numerical result has no probative value on the issue of whether a person is under the influence of alcohol. Id. at 219. Because the field of chemical testing for alcohol concentration is beyond the common knowledge of laymen, a jury is not qualified to access this special kind of scientific evidence if unassisted by a knowledgeable expert. Id.
 {¶ 10} In Konrad, Shannon Konrad was severely injured while riding as a passenger in a car driven by Stephen Robinson. At trial, Konrad claimed that Robinson's intoxication was the cause of the accident. She presented the testimony of the investigating officer. During that testimony, Konrad attempted unsuccessfully to introduce into evidence the forensic toxicology report which included the result of Robinson's blood alcohol test. On appeal, Konrad argued that the trial court erred by refusing to admit into evidence the report. She argued that the officer, with over 500 DUI arrests, was capable of interpreting the results of the test. This court upheld the trial court's decision, stating: "However, there was no indication that [the officer] had any background in chemistry sufficient to qualify him as an expert. Accordingly, we cannot find that the trial court's conclusion that [the officer] was not qualified to interpret the results of the blood alcohol test was * * * an abuse of discretion." Id. at 5.
 {¶ 11} In the case at bar, while the trooper had made between 100 and 200 DUI arrests, only five to ten of those were for an alcohol content between .20 and .25 percent. Aside from those arrests, the extent of his training in DUI investigation came from 40 hours of class instruction and a yearly refresher course. On voir dire, the trooper admitted he had no training in chemistry and little training in biology. Comparing the trooper's qualifications in this case to the officer's qualifications inKonrad, and in light of the holding in Parton and Konrad, we find that the trial court erred by allowing the trooper to testify as an expert witness as to Amanda's blood alcohol level at the time of the accident. See, also, Piqua v. Hinger (1967), 13 Ohio App.2d 108. Appellant's first assignment of error is sustained.
 {¶ 12} In its third assignment of error, appellant argues that the trial court abused its discretion by allowing the trooper to testify as an expert witness where he had not been previously disclosed as an expert.
 {¶ 13} As noted earlier, while the trooper was listed as a lay witness prior to trial, he was never listed as an expert witness. Three days before trial, appellant filed a motion in limine seeking to prohibit Amanda from presenting any testimony as to her blood alcohol content at the time of the accident on the ground that Amanda had not disclosed any expert witness. On the first day of the trial, the trial court granted the motion on the basis of Konrad, stating "we will not permit the results of the test without some expert testimony foundation, being presented as to what results indicate." The trooper then testified as the first witness, on behalf of Amanda. Over appellant's objections and after voir dire, the trial court allowed him to testify as an expert witness as to Amanda's blood alcohol content and her intoxication at the time of the accident.
 {¶ 14} A trial court's decision over whether to exclude or allow an expert witness due to unfair surprise is reviewed under an abuse of discretion standard. Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 86. Loc.R. 2.07 of the Warren County Common Pleas Court requires "trial counsel for each party [to] file a pre-trial statement" and "[to] advise the Court of the expert or medical witnesses that he expects to testify at trial." Each pre-trial statement must contain a statement from trial counsel covering several items as are appropriate to the litigation, including expert witnesses. Id. Expert witnesses that are not disclosed in a pre-trial statement may be excluded from testimony by the court. Id.
 {¶ 15} Civ.R. 26(E)(1)(b) provides that a party has the duty to supplement his answers to discovery inquiries into "the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify." The purpose of Civ.R. 26(E)(1)(b) is to prevent "trial by ambush." See Walker v. Holland
(1997), 117 Ohio App.3d 775. For discovery to serve its purpose, a party must be given a reasonable opportunity to prepare a case against the opposing party. Id.
 {¶ 16} Although the trooper was listed as a witness, he was never listed or disclosed as an expert witness, in violation of Loc.R. 2.07 and Civ.R. 26(E). Listing an individual as a lay witness does not constitute notice that the individual may be or will be called as an expert witness. In light of our holding under appellant's first assignment of error, we find that the trial court abused its discretion by allowing Amanda to call the trooper as an expert witness when he was never listed or disclosed as such at any time prior to trial. Appellant's third assignment of error is sustained.
 {¶ 17} In its second assignment of error, appellant argues that the trial court erred by submitting the issue of Michael's comparative negligence to the jury. We disagree.
 {¶ 18} The issue at trial was whether Michael was negligent and/or assumed the risk of injury when he rode as a passenger in a car driven by Amanda because he knew or should have known that Amanda was intoxicated. Even without the trooper's testimony, evidence was presented by Amanda and Michael that Amanda drank at least three beers while at the bar. Michael testified that when he first entered the bar around 11 p.m., Amanda was sitting at the bar with a beer in front of her. Michael rode as a passenger in a car driven by Amanda knowing that Amanda had been drinking three or four beers. Michael testified that Amanda lost control of the car when she fell asleep at the wheel. However, Michael admitted that while Amanda's eyes were closed and her head was down shortly before the accident, he could not tell whether she was asleep or "passed out." Appellant's second assignment of error is accordingly overruled.
 {¶ 19} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Walsh, P.J., and Bressler, J., concur.