DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael Clark, appeals from a jury verdict in the Lorain County Court of Common Pleas, which found no liability on the part of Appellee, Constance Curnutte. We reverse.
 I. {¶ 2} At nearly midnight on August 4, 1999, Mr. Clark was riding his bicycle in the right lane of a public road when Ms. Curnutte drove up from behind in her 1993 Mercury Topaz, a two-door sedan. The road was clear and well lit with no oncoming traffic. After following Mr. Clark for a while, Ms. Curnutte decided to pass. It is undisputed that Ms. Curnutte attempted to pass him in a non-passing zone without signaling. As she attempted to pass, the two collided. Mr. Clark struck the front quarter panel of Ms. Curnutte's car and was thrown from the bicycle, over the top of the car and onto the street, resulting in injury.
 {¶ 3} Mr. Clark filed a personal injury lawsuit, alleging that Ms. Curnutte was negligent in the attempted pass, while Ms. Curnutte responded by denying any negligence and contending that Mr. Clark swerved into her, possibly due to his intoxication, resulting in the accident. Mr. Clark had admitted to drinking two to three 40-ounce cans of beer and one shot of gin during the course of the day.
 {¶ 4} At trial, the jury returned a defense verdict on Mr. Clark's negligence claim, finding that Ms. Curnutte was not liable. The trial court entered judgment on January 16, 2004, but Mr. Clark filed a Civ.R. 59 motion for a new trial, which the trial court eventually denied. Thereafter, Mr. Clark timely appealed, asserting four assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ALLOWING INTO EVIDENCE THE REPORT SHOWING THE PLAINTIFF'S BLOOD ALCOHOL LEVEL TAKEN AT THE HOSPITAL."
 {¶ 5} Mr. Clark alleges that the trial court erred by admitting certain evidence over his objection. Specifically, Mr. Clark claims that the court's admission of his blood alcohol content (BAC) without explanatory expert testimony resulted in an unfair trial and warrants reversal. We agree.
 {¶ 6} This Court reviews a trial court's admission of evidence for abuse of discretion. Columbus v. Taylor (1988),39 Ohio St.3d 162, 165. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. At a minimum, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} The Ohio Supreme Court has held that corroborating expert testimony is mandatory before the court may admit BAC results into evidence. Parton v. Weilnau (1959),169 Ohio St. 145, 151. See, also, Meszar v. Bowen Implement Co. (1997),122 Ohio App.3d 141, 152; Konrad v. Robinson (Sept. 8, 1992), 12th Dist. No. CA92-02-015, *5. In American Select Insurance Co. v.Sunnycalb, the Twelfth District reasoned:
"A blood-alcohol test result is relevant to the issue of comparative negligence. Bishop v. Munson Transp., Inc. (1996),109 Ohio App.3d 573, 578 . Thus, that result is admissible into evidence in a civil case only in conjunction with expert testimony that explains the significance of the percentage of alcohol found in the individual. See Meszar v. Bowen ImplementCo. (1997), 122 Ohio App.3d 141 , citing Parton v. Weilnau
(1959), 169 Ohio St. 145 , and Konrad v. Robinson (Sept. 8, 1992), [12th Dist.] No. CA92-02-015.
"In Parton, one issue was whether the plaintiff/decedent's intoxication caused an automobile accident. The Ohio Supreme Court held that evidence of the decedent's blood alcohol level was not admissible without expert testimony to explain the significance of the percentage of alcohol found in the decedent's blood because `the evidence as to that percentage does not tend to prove decedent was under the influence of alcohol.' Parton,169 Ohio St. at 151 . The supreme court stated that a jury, without the guidance of expert testimony, should not be permitted to speculate as to the percentage's significance. Id.
"In State v. Scheurell (1986), 33 Ohio App.3d 217 , the Tenth Appellate District stated that evidence of a simple numerical result has no probative value on the issue of whether a person is under the influence of alcohol. Id. at 219 . Because the field of chemical testing for alcohol concentration is beyond the common knowledge of laymen, a jury is not qualified to access this special kind of scientific evidence if unassisted by a knowledgeable expert. Id." American Select Insurance Co. v.Sunnycalb, 12th Dist. No. CA20050-2-018, 2005-Ohio-6275, ¶ 7-9,
 {¶ 8} Ms. Curnutte disputes that the admission was in error, but responds that even if admitting the BAC was in error, it was harmless error, and cites supporting cases. See, e.g., State v.Schultz (June 7, 1996), 4th Dist. No. 94 CA 31, *8-9; Cramer v.Detrick (Nov. 10, 1993), 2nd Dist. No. 13583, *4; Kromenackerv. Blystone (1987), 43 Ohio App.3d 126, 130; State v. James
(1980), 68 Ohio App.2d 227, 229-30. The cases cited by Ms. Curnutte are distinguishable because they rely on independent evidence of impaired driving which is not present in this case. Here, the only evidence presented is Ms. Curnette's disputed testimony.
 {¶ 9} In State v. Schultz, the Fourth District Court found harmless error based on the "overwhelming nature of the evidence presented at trial, even in the absence of appellant's blood alcohol test result," and cited evidence "that appellant drove left of center"; "was driving in a frightening manner"; had "an odor of alcohol about appellant's person"; "performed poorly on some field sobriety tests"; and "admitted that he drank sixteen beers before 3:30 a.m. that morning." Schultz at *8. In Cramerv. Detrick, the Second District found that the trial court abused its discretion in refusing to admit BAC evidence, but also acknowledged that "[t]here was expert testimony [proffered] by the plaintiff that this blood alcohol level would have affected Detrick's safe operation of his vehicle." Cramer at *4. InKromenacker v. Blystone, the Sixth District found harmless because:
"Independent of the evidence pertinent to the blood-alcohol test results, the evidence adduced at trial on the subject of appellant's alcohol consumption included his own admissions and the corroborating testimony of his companion on the night of the accident. Both Kromenacker and his friend testified that they had consumed several beers shortly before the accident. Moreover, an unbiased witness testified as to the reckless manner in which Kromenacker was driving just prior to and up to the point of collision. This same witness also stated that he `smelled alcohol' on the appellant's breath at the scene of the accident."Kromenacker, 43 Ohio App.3d at 130.
Finally, in State v. James, the Third District was addressing an entirely different issue. The court, there, was concerned with a state trooper testifying as an expert as to how many drinks a defendant would have to consume in order to have a certain blood alcohol level. James, 68 Ohio App.2d at 229-30. Accordingly, the facts of these cases are distinguishable from the present case.
 {¶ 10} We conclude that the significance of a BAC value is beyond the comprehension of an ordinary juror and that without corroborating expert testimony the admission of such evidence would inevitably impose unfair prejudice, confuse the issues, and mislead the jury. See Evid.R. 403(A). We are not persuaded by the cases holding that the independent evidence of Mr. Clark's alcohol consumption serve to overcome the prejudice resulting from the admission of the BAC. Therefore, we conclude that the trial court abused its discretion. Mr. Clark's first assignment of error is sustained.
 B. Second Assignment of Error
"THE DECISION OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 Third Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF BY FAILING TO GRANT PLAINTIFF'S MOTION FOR NEW TRIAL."
 Fourth Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF BY ALLOWING THE DEFENDANT TO QUESTION THE PLAINTIFF REGARDING A PETTY THEFT CONVICTION."
 {¶ 11} Mr. Clark offers the same argument in both his second and third assignments of error: that the jury verdict was against the manifest weight of the evidence. In his final assignment of error, Mr. Clark argues against the admission of certain evidence at trial. In light of our disposition of Mr. Clark's first assignment of error, we decline to address his subsequent assignments of error as they have been rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 12} Mr. Clark's first assignment of error is sustained. His second, third and fourth assignments of error are not addressed. The verdict of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, P.J. Moore, J. Concur.