THE STATE OF OHIO, APPELLEE, *v.* JAMES, APPELLANT.

(No. 2-80-5 — Decided June 12, 1980.)

*Mr. John A. Poppe,* prosecuting attorney, and *Mr. Thomas H. Katterheinrich,* for appellee.

*Messrs. Wilson & Gall* and *Mr. M. Jebb Linch,* for appellant.

GUERNSEY, P. J.   This is an appeal from a judgment of the Auglaize County Municipal Court finding the defendant, Bruce N. James, guilty of the crime of operating a motor vehicle while under the influence of alcohol in violation of R. C. 4511.19. The defendant assigns error of the trial court as follows:

"I. ***in overruling defendant's objection to the admissibility of officer's opinion as an expert regarding amount of alcohol consumed by defendant, resulting in prejudice to defendant.

"II. ***in misidentifying and overruling defendant's motion in limine, resulting in prejudice to defendant."

We will dispose of these assignments of error in reverse order.

The charge was filed in the trial court on July 23, 1979, and, after numerous continuances, on January 7, 1980, the day of trial, the defendant filed his motion for "an order directing the prosecuting attorney to refrain from any reference to the Intoxilyzer test or any attempt to introduce the results of said test into evidence for the reason that said test does not conform to the mandates of the Ohio Revised Code in that such test is not a chemical test." At the onset of trial the defendant sought to have the trial court make a ruling favorable to the defendant, but, instead, the trial court ruled from the bench:

‚ "***The Court views this as a Motion to Suppress. This motion was not timely filed. Therefore, it must be overruled. And will be and is hereby overruled. It is in effect, a motion to suppress. * * * "

Thereafter, during trial, a state trooper testified as to his having given the defendant an Intoxilyzer test for blood alcohol content and, over objection, was permitted to testify that the Intoxilyzer showed the defendant to have, at the time of the test, a blood alcohol content of .19 percent.

It is the thrust of our opinion in the case of *State* v. *Gasser* (Paulding Co. Ct. of Appeals No. 11-79-17, April 22, 1980), unreported, that, under the provisions of Crim. R. 12(B), it is incumbent on the defendant, in order to suppress the results of a blood alcohol test on the ground that such results were illegally obtained, to file a pretrial motion to suppress setting forth the specific grounds of illegality, and that, under the provisions of Crim. R. 12(G), the failure to timely file such motion shall constitute a waiver of such grounds to suppress as the defendant could have raised by his motion to suppress, subject, of course, to the discretion of the court set forth in Crim. R. 12(G) to grant relief from the waiver for good cause shown.

In our opinion the claim that an unauthorized device had been used to make a blood alcohol test constitutes a claim that evidence, consisting of the results of such test, has been illegally obtained. Once a waiver has occurred by the failure to timely file the motion to suppress, and relief therefrom by the court for good cause shown has neither been sought nor granted, a motion, having the same effect as a motion to suppress, whether called a motion *in limine,* or otherwise, may not be entertained.

Accordingly, without specifically finding the Intoxilyzer

an authorized device to test blood alcohol content under R. C. 4511.19, we find the second assignment of error to be without merit.

The first assignment of error relates to the trial court's permitting the state trooper, over objection of the defendant, to testify as to how many beers the defendant would have had to drink in a one-hour period to reach the type of reading, *i.e.,* .19 percent, shown by the Intoxilyzer. In other words, the question does not seek an opinion as to the effect resulting from a certain cause, but seeks an opinion as to the cause which results in a certain effect.

It is well known that the alcohol content of a person's blood at any particular time depends upon a number of variable factors, including weight and physical makeup, amount of food eaten and liquids consumed while drinking, activity, metabolism in general, absorption, urination, *etc.,* primarily physiological matters. It is said in 32 Corpus Juris Secundum 336, Evidence, Section 546(92):

"To qualify a person as an expert on medical or physiological matters, it must be shown that the witness possesses learning and knowledge of the subject under inquiry *sufficient to qualify him to speak with authority* on the subject.\*\*\*" (Footnote omitted and emphasis added.)

In our opinion the state trooper witness may have been qualified as an expert in the operation of the Intoxilyzer, but did not possess sufficient learning and knowledge of the subject under inquiry, *i.e.,* the amount of beer to be consumed in one hour to cause a blood alcohol content in the defendant of .19 percent by weight, to qualify him to speak with authority on the subject. It is therefore our further opinion that the trial court erred in admitting his testimony as to such amount.

However, in view of the fact that there was a waiver of the grounds to suppress evidence as to the results of the blood alcohol test, the presumption as to the defendant being under the influence of alcohol was thereby raised regardless of how much beer the officer thought the defendant would have had to drink in an hour to achieve the test result. Moreover, the officer's reply that defendant would have had to consume at least seven or eight beers in the one-hour period is not necessarily inconsistent with the defendant's own testimony that he had had 4 or 5 beers between 9:30 and 12:00 and, after

he left the picnic, had had alcohol in his car. Under these circumstances and considering that there was other strong evidence of intoxication, it it our opinion that the error of the court in admitting the trooper's "expert" testimony was not prejudicial.

Finding no error prejudicial to the defendant in any of the particulars assigned and argued, the judgment of the trial court must be affirmed.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.