CITY OF CLEVELAND, Appellant,

v.

BECVAR et al., Appellees.

[Cite as *Cleveland v. Becvar* (1989), 63 Ohio App.3d 163.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 55443, 55444 and 55451.

Decided June 1, 1989.

*

*Patricia A. Blackmon,* Chief Prosecutor, and *Edward T. Buelow,* Assistant City Prosecutor, for appellant.

*Berkman, Gordon, Murray & Palda, J. Michael Murray* and *Lorraine R. Baumgardner,* for appellees.

Ann McManamon, Chief Justice.

The city of Cleveland appeals the suppression of certain evidence seized pursuant to a search warrant issued on August 3, 1987. The suppression hearing was upon motions of the defendants, Richard J. Becvar, Jr., Linda Casey, and Irene Warafka, who were charged with pandering obscenity, R.C. 2907.32.

In suppressing the evidence, the judge specified that his ruling was neither based upon, nor did it address the issues of probable cause, unreasonable and unlawful execution, and arrest without a valid warrant, raised by the defendants in their motion. The court chose to enter its order solely because of a purported violation of Crim.R. 41. Specifically the court said:

"The affidavit for the search warrant under review here makes no allegation that the property sought to be seized was being possessed and/or used to commit any violation of a specific ordinance of this city or statute of this state. As a result, the affidavit fails to comply with the requirements of Criminal Rule 41(C), which states in pertinent part:

" 'A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall * * * particularly describe the place to be searched, name or describe the property be searched for and seized, *state substantially the offense in relation thereto,* and state the factual

basis for the affiant's belief that such property is there located.' (Emphasis added.)

"The failure of the warrant now before the court to set forth a relationship between the property to be seized and an alleged violation of law renders the warrant fatally defective on its face."

The city raises three assignments of error,[1] arguing that the search warrant and incorporated affidavit are valid; that, even if imperfect, they are saved by the "good faith exception" delineated in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677; and that the failure of the defendants to object to the alleged violation of Crim.R. 41 is a waiver of that error. Because the assignments of error are well taken, we reverse and remand for further proceedings.

■ The city initially challenges the conclusion that the affidavit does not substantially state the offense to which the property to be seized is related. The city argues that, although the offense is not indicated specifically by name, the warrant and affidavit are sufficient to establish probable cause to believe materials used in pandering obscenity are present on the premises to be searched.

Pandering obscenity is proscribed in R.C. 2907.32. The statute provides in pertinent part:

"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

" * * *

"(2) Exhibit or advertise for sale or dissemination, or sell or publicly disseminate or display any obscene material;

" * * *

"(5) Possess or control any obscene material with purpose to violate division (A)(2) or (4) of this section."

The recitation of facts in an affidavit specific enough for a magistrate to find probable cause that obscenity is present for dissemination in the designated premises is specific enough to show compliance with Crim.R. 41(C). Cf. *State v. Bozman* (July 11, 1985), Franklin App. No. 85AP–103, unreported, 1985 WL 10070 (Informer's information that cocaine would be found in the house, along with the police observation that twelve people visited the house in one hour was sufficient substantially to state offense.); *State v. Grays* (Jan. 28, 1982), Cuyahoga App. No. 43974, unreported.

---

**1.** See Appendix.

The affidavit before us indicates that the place to be searched is 16700 Brookpark Road, also known as Brook Park News and Books. The property to be searched for and seized is described as two films, entitled "Afro Erotica # 14" and "The Ultimate Master," and a movie projector. The affidavit also reflects that a police officer viewed these films in a particular booth at Brook Park News and Books. The affidavit further asserts that these films explicitly show fellatio, cunnilingus, intercourse, anal intercourse, and ejaculations.

We hold this affidavit to be adequate to demonstrate probable cause to a magistrate that obscene materials are being publicly disseminated or displayed. See *New York v. P.J. Video, Inc.* (1986), 475 U.S. 868, 106 S.Ct. 1610, 89 L.Ed.2d 871 (Affidavits indicating police officers rented certain movies containing similar sexual activities held sufficient to establish probable cause that a crime similar to pandering obscenity was committed.).

■ Even if more specific reference to the offense were required in the affidavit by Crim.R. 41(C), it is well-established that the exclusionary rule will not be applied to technical violations of Crim.R. 41 which do not rise to the level of constitutional error. *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 262, 22 OBR 427, 436, 490 N.E.2d 1236, 1244; *State v. Applebury* (1987), 34 Ohio App.3d 376, 518 N.E.2d 977; *State v. Downs* (1972), 51 Ohio St.2d 47, 5 O.O.3d 30, 364 N.E.2d 1140. We hold that failure to specify the offense to which the evidence is related by name or code section in the affidavit is not constitutionally significant.

We are aware that diligent police officers and prosecutors often seek warrants at night, at the judge's kitchen table. To suppress evidence of probable cause sought in good faith on the basis of an unspecified code section would indeed deter police from seeking the judicial review so clearly mandated in the United States and Ohio Constitutions. It is for this reason that Crim.R. 41(C) requires a substantial statement of the offense in relation to the property to be seized and not the specific code number or title of that offense.

In *Leon, supra,* the Supreme Court held that it is inappropriate to exclude evidence on the basis of a technical error when the warrant issued was supported by probable cause. The exclusionary rule is designed to "deter police misconduct rather than to punish the errors of judges * * *." *Id.* at 916, 104 S.Ct. at 3417, 82 L.Ed.2d at 694.

The appellant's first and second assignments of error are well-taken.

■ The appellant's third assignment of error is also well-taken. Failure to move for the suppression on the basis of illegal obtainment is waiver of the error. *State v. Wade* (1978), 53 Ohio St.2d 182, 7 O.O.3d 362, 373 N.E.2d 1244. Crim.R. 12(B)(1), (3) makes it incumbent on a defendant who wishes the

suppression of evidence that was illegally obtained to move to suppress the evidence and to state the grounds of the illegality. See *State v. James* (1980), 68 Ohio App.2d 227, 22 O.O.3d 351, 428 N.E.2d 876. "The prosecutor must know the grounds of the challenge in order to prepare his case, * * * [t]herefore, the defendant must make clear the grounds upon which he challenges the submission of evidence * * *." *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 217, 524 N.E.2d 889, 892. It was therefore improper for the trial court to suppress the evidence *sua sponte* on the basis of a technical violation of Crim.R. 41(C) of which the defendants had not complained.

The ruling of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

JOHN V. CORRIGAN and FRANCIS E. SWEENEY, JJ., concur.

Appendix

"I

"The trial court erred in ruling that the search warrant at issue was facially deficient and, therefore, invalid for failing to set forth a relationship between the property to be seized and the alleged violation of law, without giving due deference to the good faith exception to the exclusionary rule.

"II

"A search warrant that fails to cite the precise section of the alleged violation of law is nonetheless valid when supported by a self-sufficient affidavit which sets forth both probable cause as well as the relationship between the property to be seized and the alleged violation of law.

"III

"Defense counsel's failure to assert or object to the alleged facial deficiency of the search warrant at the suppression hearing constitutes a waiver of the alleged error under Rule 12 of the Ohio Rules of Criminal procedure and thus waived the alleged error."