[Cite as *State v. Griffin*, 2024-Ohio-1699.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-230524 |
| | | C-230525 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-2000867 |
| | | B-2205804 |
| vs. | : | |
| | | |
| JERRY GRIFFIN, | : | *O P I N I O N.* |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are:   Affirmed in C-230525; Appeal Dismissed in C-230524

Date of Judgment Entry on Appeal: May 3, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**WINKLER, Judge.**

**{¶1}** Defendant-appellant Jerry Griffin appeals convictions for trafficking in cocaine, possession of cocaine, and having weapons while under disability. In his sole assignment of error, he contends that the trial court erred in denying his motion to suppress evidence. We find no merit in his assignment of error, and we affirm his convictions.

**{¶2}** At the hearing on the motion to suppress, Officer Brandon Connley of the Cincinnati Police Department testified that on November 30, 2022, he responded to a call that a person was shot at 3166 McHenry Avenue. Officer Connley spoke to the victim, Cheika Boydia, at the hospital where he was receiving treatment for a gunshot wound to his ankle.

**{¶3}** The police learned that Boydia had followed his girlfriend, Amanda Owens, and an unidentified male, later determined to be Griffin, to 3166 McHenry Avenue. After Boydia confronted Owens, Griffin went into the residence and retrieved a handgun. He fired two shots at Boydia, one of which struck him in the ankle. Owens fled from the scene, and Griffin ran back inside the residence. The officers tried to gain access to the residence, but were unsuccessful.

**{¶4}** On December 2, 2022, Boydia appeared at the police station and provided the VIN number of the vehicle the shooter had been driving on the night of the shooting. Using that information, the police officers determined that Griffin was the shooter. The police put together a photo lineup, and Boydia identified Griffin as the man who shot him. He stated that he knew Griffin from seeing him at bars and playing pool with him.

**{¶5}** A complaint was filed charging Griffin with felonious assault. On December 7, 2022, the police arrested Griffin at 3166 McHenry. They also observed

the vehicle that Griffin had been driving on the night of the shooting. They conducted a protective sweep of the apartment and secured the scene. Officer Connley prepared a search warrant, which was executed that evening. During the search, police officers discovered a firearm and cocaine, which were both seized.

{¶6}     On the day that a grand jury was to meet to determine whether Griffin should be indicted for felonious assault, Officer Connley spoke with the prosecutors. He told them that he had located Owens, and after speaking with her, he had determined that Griffin had acted in self-defense and in defense of Owens. The prosecutors presented that information to the grand jury, which ignored the felonious-assault charge.

{¶7}     Nevertheless, Griffin was indicted on drug and firearms offenses related to the items found in the search of his residence. He filed a motion to suppress evidence obtained in a search of his residence conducted in accord with the search warrant. After the trial court denied his motion, he entered no-contest pleas to all three charges in the indictment. The trial court found him guilty and imposed an aggregate sentence of 24 months' imprisonment. These appeals followed.

{¶8}     As a preliminary matter, the convictions Griffin now appeals are in the case numbered B-2205804, which corresponds with the appeal numbered C-230525. He also filed a notice of appeal in the case numbered B-2000867, which corresponds with the appeal numbered C-230524. That case involves a community-control violation, and the trial court sentenced Griffin for that violation at the same time it imposed sentences for the new offenses in the case numbered B-2205804. In his brief, Griffin states that he "chooses not to advance any argument in this appeal of his conviction and sentence" in the case numbered B-2000867. Consequently, we dismiss the appeal numbered C-230524.

3

{¶9} In his sole assignment of error, Griffin contends that the trial court erred in overruling his motion to suppress. He argues that the affidavit in support of the warrant did not allow the magistrate who granted the warrant to conclude that evidence was likely to be found at the place to be searched because it asserted that there was probable cause to believe that he had committed the offense of having weapons under a disability, and it failed to aver that he was under a disability. He also argues that the warrant did not contain timely information. This assignment of error is not well taken.

{¶10} At the hearing on the motion to suppress, Griffin presented defendant's exhibit one, an unsigned draft of the warrant. The state argues that the actual signed copy of the warrant was never presented. This court, it contends, can only speculate upon the contents of the affidavit and the warrant, and therefore, nothing in the record exemplifies the alleged error. The state relies on *State v. McDaniel*, 5th Dist. Fairfield No. 14CA47, 2015-Ohio-1007, ¶ 31, but that case is distinguishable because the warrant and the affidavit were not entered into evidence by either party.

{¶11} Here, Griffin presented a copy of the warrant and affidavit, which were admitted into evidence. His counsel said that it was the copy he had received in discovery. Officer Connley identified it as the search warrant that he had written. When asked if it was a true and accurate copy of the affidavit the he had authored, he replied, "Looks to be, yes." The state never objected to the use of the copy or its admission into evidence. In fact, in argument to the court, the state said, "The Court clearly has the search warrant and the affidavit as the exhibit in this case." Thus, the state waived the argument and cannot now assert it on appeal.

{¶12} Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the

facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Whittle*, 1st Dist. Hamilton Nos. C-230288 and C-230318, 2024-Ohio-1023, ¶ 16.

**{¶13}** To establish probable cause to issue a search warrant, the supporting affidavit must contain sufficient information to allow a magistrate to draw the conclusion that evidence is likely to be found at the place to be searched. *Whittle* at ¶ 17; *State v. Lang*, 1st Dist. Hamilton No. C-220360, 2023-Ohio-2026, ¶ 12. Probable cause exists when a reasonably prudent person would believe that a fair probability exists that the place to be searched contains evidence of a crime. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus; *Whittle* at ¶ 17. "[I]t is clear that 'only the probability, and not prima facie showing, of criminal activity is the standard of probable cause.' " (Emphasis deleted.) *George* at 329, quoting *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

**{¶14}** A reviewing court, which includes a trial court ruling on a motion to suppress, as well as an appellate court, must give great deference to the magistrate's probable-cause determination. *George* at 329-330; *Whittle* at ¶ 18. "[A]fter-the-fact scrutiny by the courts of the sufficiency of an affidavit should not take the form of de novo review." *George* at 329, quoting *Gates* at 236. Our duty is to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. *See George* at paragraph two of the syllabus; *State v. German*, 1st Dist. Hamilton No. C-040263, 2005-Ohio-527, ¶ 12. Doubtful or marginal cases should be resolved in favor of upholding the warrant. *George* at paragraph two of the syllabus; *Whittle* at ¶ 18.

**{¶15}** Griffin argues that the affidavit was deficient because it listed the offense as having weapons under a disability, not felonious assault related to the shooting of Boydia. In pertinent part, the affidavit provides,

> [Officer Connley] believes and has good cause to believe that at said place there is concealed; a loaded handgun, personal documents and papers belonging to Jerry Griffin and identification, any parts of same, any computer equipment or phones that may have been used to access Facebook, handguns, any items tending to show ownership or possession of said items, and the said items are concealed in violation of the law to wit: weapons under a disability, Section 2923.13 of the Ohio Revised Code.

(Emphasis deleted.)

**{¶16}** The affidavit sets forth the steps of the investigation into the shooting. It then stated, "The affiant seeks to recover evidence of the crime as listed inside the residence to assist in further investigation of the offense reported and to assist in the prosecution of those involved," which Griffin argues was having weapons under a disability.

**{¶17}** We note that Griffin did not raise this issue in his motion to suppress or at the hearing on the motion. Because this case involves a search with a warrant, Griffin had the burden to overcome the presumption of validity that attaches to the magistrate's initial finding of probable cause. *See State v. Smith*, 9th Dist. Summit No. 21069, 2003-Ohio-1306, ¶ 15, citing *George*, 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph two of the syllabus. Nevertheless, this court, in its discretion, will address the merits of Griffin's arguments on this issue as any prejudice to the state is minimal because all the issues stem from common facts.

6

{¶18} Crim.R. 41(C)(1) provides that an affidavit in support of a search warrant "shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located." R.C. 2933.23 contains similar language.

{¶19} In *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, the defendant was convicted of aggravated murder. An affidavit in support of a warrant to search his trailer had listed kidnapping and abduction as the offenses because at that time, the victim was listed only as a missing and endangered person.

{¶20} The Ohio Supreme Court rejected the defendant's argument that that discrepancy invalidated the search warrant. It stated that Crim.R. 41(C) requires "a substantial statement of the offense in relation to the property to be seized and not *the specific code number or title of that offense."* (Emphasis sic.) *Id*. at ¶ 40. It further stated that the "failure to specify the offense to which the evidence is related by name or code section in the affidavit is not constitutionally significant" and does not require the suppression of evidence seized pursuant to that warrant. *Id*.

{¶21} The court quoted *Cleveland v. Becvar*, 63 Ohio App.3d 163, 578 N.E.2d 489 (8th Dist.1989), in which no offense was specified by name. In reversing the trial court's decision to grant a motion to suppress, the court stated, "[I]t is well-established that the exclusionary rule will not be applied to technical violations of Crim.R. 41 which do not rise to the level of constitutional error." *Id*. at 166. Consequently, the reference to having weapons under a disability in the affidavit rather than felonious assault did not invalidate the warrant so that the trial court was required to grant the motion to suppress.

**{¶22}** Griffin also argues that the information set forth in the affidavit was stale. Because probable cause to search is concerned with facts relating to a presently existing condition, a magistrate or judge must consider whether the information supporting the issuance of a warrant has grown stale. The law of search and seizure requires that an affidavit for a search warrant must present timely information. *State v. Lackey*, 1st Dist. Hamilton No. C-230025, 2023-Ohio-3720, ¶ 10; *German*, 1st Dist. Hamilton No. C-040263, 2005-Ohio-527, at ¶ 14.

**{¶23}** No arbitrary time limit dictates when information becomes stale. *State v. Martin*, 2021-Ohio-2599, 175 N.E.3d 1004, ¶ 14 (1st Dist.); *German* at ¶ 15. The test is whether the alleged facts justify the conclusion that evidence remains on the premises to be searched. Evidence generally becomes stale "when enough time has lapsed such that there is no 'longer sufficient basis to believe * * * that the items to be seized are still on the premises.' " *Martin* at ¶ 14, quoting *State v. Rieves*, 2018-Ohio-955, 109 N.E.3d 190, ¶ 31 (8th Dist.). The staleness of evidence depends on the circumstances of each case. *Martin* at ¶ 16.

**{¶24}** Griffin argues that the affidavit states that the shooting occurred outside 3166 McHenry on November 30, 2022, but the warrant was issued seven days later on December 7, 2022, which rendered the assertions in the affidavit stale. We disagree. We hold that a difference of a week during an ongoing investigation of felonious assault where the perpetrator was unidentified was not unreasonable. The police officers did not identify Griffin until Boydia provided them with the VIN number of the car involved in the offense on December 2, 2022, several days after the shooting. Therefore, we cannot hold that the issuing magistrate did not have a substantial basis for concluding that probable cause existed.

**{¶25}** In sum, we hold that the trial court did not err in overruling Griffin's motion to suppress. Consequently, we overrule his assignment of error and affirm the trial court's judgment in the appeal numbered C-230525. The appeal numbered C-230524 is dismissed.

Judgment accordingly.

**BOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry this date.