[Cite as *State v. Sadler*, 2025-Ohio-4665.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025-CA-00029 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2024-CR-00743 |
| ALVIN SADLER III | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 9, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; David M. Gormley, Appellate Judges

**APPEARANCES:** KENNETH W. OSWALT, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*King, J.*

{¶ 1}   Defendant-Appellant Alvin Sadler appeals the March 21, 2025 judgment of the Licking County Court of Common Pleas which overruled his motion to suppress. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2}   In June of 2024, Detective Jarrod Conley of the Newark Police Department was working with the Central Ohio Drug Enforcement Agency (CODE) and assigned to a drug investigation involving Sadler. In August 2024, an anticipatory affidavit and warrant to search Sadler's residence was drafted, however, additional information further prolonged the investigation. The final line of the anticipatory affidavit read "Sworn to and subscribed in my presence this _____ day of August 2024. Time ___." The warrant also

contained a partially pre-filled date line which read "Dated this _____ day of August 2024. Time _____." State's Exhibit 1.

{¶ 3}   On October 21, 2024, Conley learned Sadler took possession of a large amount of methamphetamine and was storing it inside his residence on Valley View Drive Southeast. On the same day Conley went to Licking County Common Pleas Court Judge Branstool requesting a warrant to search Sadler's residence and using the previously drafted affidavit and warrant. The affidavit described information received by CODE detectives on October 15 and 21, 2024. Conley forgot, however, to change the month on the pre-drafted documents from August to October and no one caught the error. The signed affidavit therefore read "Sworn to and subscribed in my presence this 21st day of August 2024. Time 9:21 am." The warrant contained the same date and time. The warrant return and inventory, however, listed the correct month of October. State's exhibits 1 and 2. The search of Sadler's residence yielded more than five times the bulk amount of methamphetamine.

{¶ 4}   As a result of the search, on October 31, 2024, the Licking County Grand Jury returned an indictment charging Sadler with one count each of aggravated possession of drugs and aggravated trafficking in drugs, felonies of the second degree, and one count of having weapons under disability, a felony of the third degree.

{¶ 5}   On November 24, 2024, Sadler filed a motion to suppress all evidence obtained in the search. Seizing on the typographical error, Sadler argued the two-month delay in serving the warrant was a violation of Crim.R. 41(C)(2), constituted grossly negligent conduct, rendered the warrant invalid, and therefore precluded any application of the good faith exception. In its memorandum contra, the State argued the word August

in the affidavit and search warrant was a scrivener's error, did not amount to a constitutional violation, and that the officers reasonably relied on the warrant.

{¶ 6}   A suppression hearing was held on January 13, 2025. The State elicited the above outlined testimony from Detective Conley and additionally submitted body camera footage of the officers executing the search warrant on October 21, 2024. State's exhibit 3. Sadler presented no evidence.

{¶ 7}   By judgment entry issued March 21, 2025, the trial court overruled Sadler's motion finding no deliberate, reckless, or grossly negligent police conduct, and thus no constitutional violation sufficient to warrant suppression. Sadler subsequently withdrew his pleas of not guilty and entered pleas of no contest. The trial court accepted Sadler's pleas, found him guilty, and imposed an aggregate prison term of four years.

{¶ 8}   Sadler filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 9}   "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM A SEARCH WARRANT EXECUTED ON OCTOBER 21, 2024, WHERE THE WARRANT AND AFFIDAVIT WERE DATED AUGUST 21, 2024, IN VIOLATION OF OHIO CRIMINAL RULE 41(C)(2), CONSTITUTING A SUBSTANTIVE FOURTH AMENDMENT VIOLATION NOT SUBJECT TO THE GOOD FAITH EXCEPTION, AND WHERE SYSTEMIC NEGLIGENCE IN THE PREPARATION AND REVIEW OF THE WARRANT WARRANTED SUPPRESSION TO DETER FUTURE MISCONDUCT."

{¶ 10} In his sole assignment of error, Sadler argues the trial court erred in overruling his motion to suppress. We disagree.

## Standard of Review

{¶ 11} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42 (4th Dist.1993), overruled on other grounds.

## Sadler's Arguments

{¶ 12} Sadler appears to challenge the trial court's finding of fact. He argues the trial court erred in accepting the State's claim that the August date on the affidavit and search warrant "was a mere scrivener's error" when the warrant was not executed until October. Brief of Appellant at 4. He argues this defect in the search warrant and affidavit violated the mandate of Crim.R. 41(C)(2) that a warrant be executed within three days. According to Sadler, this defect constitutes systemic negligence precluding the good faith exception.

{¶ 13} First, it is well-established that the exclusionary rule is inapplicable to technical violations of Crim.R. 41 which do not rise to the level of constitutional error. *Cleveland v. Becvar*, 63 Ohio App.3d 163, 166 (8th Dist.1989).

{¶ 14} Next, Sadler challenges the information contained in the affidavit as "stale" based on the August date contained in the signature lines. The evidence presented at the suppression hearing, however, supports the trial court's conclusion that the date error was a technical defect which did not call for application of the exclusionary rule. First, the affidavit described information obtained by CODE officers on October 15 and 21, 2024, not August. State's Exhibit 1, Affidavit for Search, ¶¶ 3-4. Second, the warrant was executed the same day it was requested—October 21, 2024—as evidenced by body camera footage submitted by the State during the suppression hearing and Detective Conley's testimony. State's Exhibit 3, transcript of suppression hearing at 21. Sadler's staleness arguments are therefore unsupported by the record.

{¶ 15} In *State v. Newman*, 2017-Ohio-4047 (5th Dist.), we noted "it is well-established that inadvertent clerical errors, unless they cause prejudice to the defendant, will not invalidate an otherwise valid search warrant." *Id*. at ¶ 22. Application of the exclusionary rule is meant to deter law enforcement conduct that "flagrantly, deliberately, or recklessly violates the Fourth Amendment." *State v. Hoffman*, 2014-Ohio-4795, ¶ 46. The record before us contains no evidence of any such conduct. Rather, the warrant contained a technical violation which did not rise to the level of constitutional error. Accordingly, Sadler's sole assignment of error is overruled.

{¶ 16} For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is affirmed.

{¶ 17} Costs to Appellant.

By: King, P.J.

Montgomery, J. and

Gormley, J. concur.